## LAWLER v. WRAY, District Judge.
### (No. 702.)

Court of Civil Appeals of Texas. Waco.
June 14, 1928.

**1. Divorce** ☞312—In divorce suit, right to custody of children may be litigated, though finding that party is entitled to divorce is not assailed.

In divorce suit, issues are severable and right to custody of children of marriage may be litigated, though finding that one of parties thereto is entitled to divorce is not assailed.

**2. Divorce** ☞312—Right of formal party to divorce suit to have judgment awarding custody of child to another reviewed on appeal is absolute (Rev. St. 1925, art. 2249).

Though in cases involving custody of child its welfare is prime consideration, right of formal party to suit, especially when such party is parent, to have judgment awarding custody thereof to another reviewed on appeal, is absolute, under Rev. St. 1925, art. 2249.

**3. Infants** ☞18—District court's jurisdiction under Constitution over minors, etc., is not final (Const. art. 5, §§ 6, 8).

Jurisdiction and control of district courts over executors, administrators, guardians, and minors, under Const. art. 5, § 8, is original, but not final, and it is subject to appellate jurisdiction, conferred on Courts of Civil Appeals by Const. art. 5, § 6.

**4. Infants** ☞18—Jurisdiction under Constitution of minors, etc., cannot be exercised by district court on its own motion (Const. art. 5, § 8).

District court's jurisdiction over executors, administrators, guardians, and minors, under Const. art. 5, § 8, cannot be exercised by district court on its own motion, but it must be invoked by proper pleadings filed by proper party.

**5. Divorce** ☞301—Statute makes custody of children issue, in divorce case, only when issue is raised by pleadings and contemplates determination of issue on final hearing; "in the meantime" (Rev. St. 1925, art. 4639).

Rev. St. 1925, art. 4639, makes custody of children an issue, in divorce case, only when such issue is raised by pleadings and contemplates determination of such issue on final hearing of case; expression "in the meantime" in statute refers to time intervening between filing of pleading invoking jurisdiction of court over custody of children and hearing of case on its merits.

**6. Divorce** ☞312—Order committing children to wife's custody pending appeal, in divorce suit, was appealable (Rev. St. 1925, art. 2249).

Court's order committing children of parties to wife's custody pending appeal, in divorce suit, was not interlocutory, but was in aid of final judgment rendered on merits and was final in its nature and appealable, under Rev. St. 1925, art. 2249.

---

**7. Divorce ⬤⟶312—Court of Civil Appeals has jurisdiction to review trial court's findings awarding custody of children, in divorce suit, and to determine whether law has been correctly applied.**

Though Court of Civil Appeals is without original jurisdiction to find facts on which award of custody of children, in divorce suit, can be based, it has jurisdiction to review such findings when made by trial court and to determine whether law has been correctly applied thereto.

**8. Divorce ⬤⟶302—Where grandparents, not parties, had custody of children, suspending judgment awarding custody of children to wife pending appeal, in divorce suit, would not deprive court of authority to inquire into circumstances and make necessary orders.**

Where grandparents had actual custody of children and were not parties to suit, suspending judgment awarding custody of children to wife pending appeal from final judgment, in divorce suit, did not deprive court of competent jurisdiction of authority on proper application to inquire into circumstances surrounding children and to protect them from threatened danger and make orders reasonably necessary to conserve their welfare during pendency of appeal.

**9. Mandamus ⬤⟶57(2)—Husband held entitled to writ of mandamus to require judge to fix amount of bond to supersede judgment granting divorce and awarding custody of children to wife (Rev. St. 1925, art. 2270).**

Where husband's parents had actual custody of children and were not parties to suit, husband *held* entitled, under showing made, to writ of mandamus requiring trial judge to fix amount of bond necessary to supersede final judgment dissolving bonds of matrimony between him and his wife and awarding custody of minor children to wife, under Rev. St. 1925, art. 2270.

Original application for writ of mandamus by Bill Lawler against W. L. Wray, District Judge. Writ granted.

Wear & Wear, of Hillsboro, for complainant.

Will M. Martin, of Hillsboro, for respondent.

GALLAGHER, C. J. This is an original application for a writ of madamus to require the trial judge to fix the amount of bond necessary to supersede a final judgment dissolving the bonds of matrimony theretofore existing between complainant Bill Lawler and his wife, Mrs. Beulah Lawler, and awarding to her the custody of the three minor children of said marriage. One of said children is a girl about seven years of age and the other two are boys, about six and four years of age, respectively. Suit was instituted on the 3d day of August, 1927, in the district court of Hill county, by Mrs. Lawler against complainant for divorce, on the grounds of cruel

treatment. She alleged that complainant was wholly unfit to have the custody of said children; that he had been convicted of a felony and a long term of imprisonment imposed as a penalty therefor; and that he was not in a position to support and rear said children. Complainant pleaded a general denial to her allegations and alleged affirmatively that she was wholly unfit to have the custody of said children; that at the time she abandoned him she had turned said children over to his father and mother; that they were willing to support and rear said children and were suitable persons to have the custody thereof. He also by cross-action sought a divorce on the ground of infidelity. Mrs. Lawler by supplemental petition charged in rather general terms that complainant's father and mother were not suitable persons to have the custody of said children. Complainant's said father and mother were not parties to said suit. The pleadings of the parties in said suit are replete with accusations and 'counter accusations and indicate a state of intense bitterness of feeling between them.

There was a trial before a jury on May 24, 1928. The case was submitted on special issues. In response to one of said issues the jury found that Mrs. Lawler was a proper person to have the custody of said children. The court on the verdict returned made a docket entry granting Mrs. Lawler a divorce from complainant and awarding to her the care, custody, and control of said children "pending the final determination of suit and thereafter, if cause is not appealed or cause is affirmed," and denying complainant a divorce on his cross-action and his prayer for the custody of said children. Complainant filed a motion for new trial, in which he waived any complaint of the decree of the court, in so far as the issue of divorce was concerned, but in which he vigorously assailed the judgment of the court awarding custody of the children to Mrs. Lawler, and especially that part of the judgment which granted her custody of said children pending any appeal therefrom. Said motion was heard by the court on the 25th day of May, 1928, and overruled, and the court by a docket entry again directed that "during the pendency of the suit the care, custody, and control of said children is awarded to their mother." Complainant immediately applied to the court for an order fixing the amount of bond required in order to supersede said judgment and the court declined to fix such amount.

### Opinion.

[1, 2] The several Courts of Civil Appeals are vested by the Constitution of this state with appellate jurisdiction in all civil cases of which the district court has original jurisdiction, under such restrictions and regulations as may be prescribed by law. Constitu-

tion, art. 5, § 6. Said courts are vested by statute with appellate jurisdiction in all civil cases in which the district courts have original or appellant jurisdiction. R. S. art. 1819. Our statutes provide that an appeal may be taken from every final judgment of the district court in civil cases. R. S. art. 2249. Said statutes further provide that, when the appellant desires to suspend the execution of the judgment appealed from, he may do so by giving a good and sufficient bond in a sum at least double the amount of such judgment. R. S. art. 2270. In a divorce suit the issues are severable so that the right to the custody of children of the marriage may be litigated, though the finding that one of the parties thereto is entitled to a divorce is not assailed. McLemore v. McLemore (Tex. Civ. App.) 285 S. W. 693, 694, par. 4. While in every case involving the custody of a child its welfare is the prime consideration, the right of a formal party to such suit, especially when such party is a parent of such child, to have the judgment of the trial court awarding custody thereof to another reviewed on appeal, is absolute. Burckhalter v. Conyer (Tex. Com. App.) 285 S. W. 606, par. 2, and authority there cited. The statute above cited does not except from its operation any class of judgments. Our Supreme Court, in discussing such statute in the case of Waters-Pierce Oil Co. v. State, 107 Tex. 1, 7, 106 S. W. 326, 330, said:

"This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal."

The right to supersede the execution of a judgment during the pendency of an appeal has been sustained in a variety of cases, notwithstanding no moneyed recovery was involved. Waters-Pierce Oil Co. v. State, supra, 107 Tex. 1, 106 S. W. 330; Yett v. Cook, 115 Tex. 175, 268 S. W. 715, 717, 718, pars. 3–5, inclusive, 281 S. W. 843; Houston Belt & Terminal Railway Co. v. Hornberger, 106 Tex. 104, 105, 106, 157 S. W. 744; Williams v. Pouns, 48 Tex. 141, 144; Fort Worth Street Railway Co. v. Rosedale Street Railway Co., 68 Tex. 163, 168, 7 S. W. 381; Griffin v. Wakelee, 42 Tex. 513, 515; Churchill v. Martin, 65 Tex. 367, 368; Crary v. Port Arthur Channel & Dock Co. (Tex. Civ. App.) 45 S. W. 842, 844; Lee v. Broocks, 51 Tex. Civ. App. 344, 111 S. W. 778, 779; Ætna Club v. Jackson (Tex. Civ. App.) 187 S. W. 971, 972. In such cases it is the duty of the trial court to fix the amount or penalty of the bond required to supersede the judgment. Waters-Pierce Oil Co. v. State, supra, 107 Tex. 1, 106 S. W. 330; Ætna Club v. Jackson, supra; Carter v. Carter (Tex. Civ. App.) 40 S. W. 1030; People's Cemetery Ass'n v. Oakland Cemetery Ass'n, 24 Tex. Civ. App. 668, 60 S. W. 679, 680;

Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21, 22. No case has been cited herein where the right to supersede a final judgment of the trial court pending appeal was denied.

[3-7] Respondent, in support of his contention that appellant is not entitled to supersede the judgment awarding custody of said children to Mrs. Beulah Lawler pending appeal, cites only the following authorities: Constitution, art. 5, § 8; R. S. arts. 4638, 4639; Goodman v. Goodman (Tex. Civ. App.) 224 S. W. 207; and Edwards v. Edwards (Tex. Com. App.) 295 S. W. 581. The section of the Constitution so cited, so far as applicable, is as follows:

"The district court shall have * * * original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law."

The jurisdiction and control so conferred is original, but not final. It is subject to the appellate jurisdiction conferred on Courts of Civil Appeals by article 5, § 6, of the Constitution, hereinbefore cited. Such jurisdiction cannot be exercised by the district court on its own motion. It must be invoked by proper pleadings filed by a proper party. Hardy v. McCulloch (Tex. Civ. App.) 286 S. W. 629, 631, 632 (writ refused). When so invoked it must be exercised under the regulations prescribed by law. The regulations applicable in divorce suits are found in article 4639, cited by respondent. Said article, so far as pertinent to a contest between the parties to such suits over the custody of children, is as follows:

"The court shall have power, in all divorce suits, to give the custody and education of the children to either father or mother, as the court shall deem right and proper, having regard to the prudence and ability of the parents, and the age and sex of the children, to be determined and decided on the petition of either party; and in the meantime to issue any injunction or make any order that the safety and well-being of any such children may require."

This article makes the custody of children an issue in a divorce case only when such issue is raised by the pleadings, and clearly contemplates the determination of such issue on the final hearing of the case. We construe the expression "in the meantime" to refer to the time intervening between the filing of pleadings invoking the jurisdiction of the court over the custody of children and the hearing of the case on its merits. Any orders made by the court during such time are of course interlocutory, and for that reason, as was properly held in Goodman v. Goodman, supra, no appeal lies therefrom. The pleadings of the parties are set out in full in the answer of the respondent herein. The facts are not before us, except as they are admitted in or may be reasonably inferred from such pleadings. It appears therefrom that the children involved herein are not in the

custody of either party to this suit, but are in the custody of their grandparents, who are not parties hereto. The only issue presented by the pleadings for affirmative determination is whether the mother, Mrs. Beulah Lawler, shall or shall not have the custody of said children upon dissolution of the marriage. Her fitness for such trust is denied by complainant. It appears from the pleadings of the parties that Mrs. Beulah Lawler abandoned complainant on December 11, 1926; that she at that time left all said children with complainant's mother; and that she and her husband have had the custody and control of said children continuously from that time. It does not appear that Mrs. Beulah Lawler during such period of approximately a year and a half has made any effort to recover the immediate custody or possession of said children, nor to remove them from the custody of their grandparents, to whom she herself confided them. Her pleadings contain no allegation of any impending danger to said children, nor that their safety, comfort, or welfare requires their immediate removal from such custody. No application for any interlocutory order affecting their custody appears to have been made by her. The order of the court committing said children to her custody pending the appeal cannot be properly classed as interlocutory. There had been at the time it was made a full hearing on the merits. Said order is in fact in aid of the final judgment rendered by the court and merely gives the same for all practical purposes immediate effect. Such orders in aid of a judgment rendered on the merits have been held to be final in their nature and appealable. Waters-Pierce Oil Co. v. State, supra, 107 Tex. 1, 106 S. W. 329, and authorities there cited and discussed. While, as held in Edwards v. Edwards, supra, the only other case cited by respondent, this court is without original jurisdiction to find the facts on which an award of the custody of children can be based, it is vested with jurisdiction to review such findings when made by a trial court and to determine whether the law has been correctly applied thereto.

[8, 9] Since the grandparents, who have actual custody of said children, are not parties to this suit, suspending the judgment appealed from by supersedeas will not deprive any court of competent jurisdiction of authority, upon proper application, to inquire into all the circumstances surrounding said children, to protect them from any threatened danger, and to make all orders reasonably necessary to conserve their welfare during the pendency of any appeal from said judgment.

Complainant is entitled under the showing made to a peremptory writ as prayed for, and it becomes our duty to award the same, and it is so ordered. Yett v. Cook, supra, 115 Tex.

175, 268 S. W. 721; Ætna Club v. Jackson, supra; Atkins v. Woodward (Tex. Civ. App.) 241 S. W. 1117, 1118.