**JENNINGS v. BERRY, District Judge.**
No. 5925.

Court of Civil Appeals of Texas.  Texarkana.
July 3, 1941.

Tom S. Williams, of Sulphur Springs, for complainant.

T. J. Ramey, of Sulphur Springs, for respondent.

726

WILLIAMS, Justice.

Grace Jennings, complainant's wife, in a divorce decree entered May 21, 1941, in the District Court of Hopkins County, the Hon. Charles D. Berry, Judge, respondent here, presiding, was awarded "the present care, custody and control of Robert Charles Jennings", two and one-half years of age, the only child of the marriage. The clause following this award reads: "However, the defendant, Olon Jennings, shall have the right to see and be with said child at convenient times and seasons." Complainant herein, the defendant in the above proceedings, resisted the divorce. After above judgment, following jury verdict, had been entered, complainant's supersedeas bond in the required sum of $1,000 and appeal bond of $300 were duly approved and filed in said court on June 2, 1941.

Thereafter, said court entered another order in reference to the custody of the child, which, omitting immaterial verbiage, reads:

"On this the 3rd day of June, 1941, it appearing to the court that defendant * * has filed his motion to set aside the judgment rendered * * * and upon the same being overruled * * * has given notice of and has perfected an appeal; and it further appearing to the court that it is proper and necessary that the court make and determine a disposition of the child, Robert Charles Jennings * * * as to awarding the care, custody and control of said child pending said appeal; and it further appearing to the court that the plaintiff, Grace Jennings, should be awarded general care, custody and control of said child permitting the defendant, Olon Jennings, to have said child in his possession and with him for a period from Friday afternoon until Sunday afternoon each two weeks; and it further appearing to the court that both said plaintiff and defendant should be prohibited from carrying or removing said child out of the jurisdiction of this court pending said appeal.

"It is therefore * * * decreed * * * that * * * Grace Jennings is awarded the general care, custody and control of said child with the exception of and upon each two weeks period the defendant, Olon Jennings, shall be permitted to have possession of and take said child with him from Friday Afternoon until Sunday Afternoon."

Complainant in his propositions attacks the court's legal authority to make and enter this decree of June 3, 1941, after he had perfected his appeal, and filed and had approved a supersedeas bond in the amount set and fixed by the court in the case.

Article 2249 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2249, provides that an appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases. Article 2270, R.C.S., provides that any appellant desiring to supersede the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk in the sum at least double the amount of the judgment. In case there is no money judgment involved, it is the duty of the trial court to fix the amount of penalty of the bond to supersede · the judgment. Lawler v. Wray, Tex.Civ.App., 8 S.W.2d 524, 526; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 330. In discussing the various types of judgments that come within the meaning of the statute and in a case similar if not parallel to the one at bar, the court said: "The statute above cited does not exempt from its operation any class of judgments." Lawler v. Wray, supra [8 S.W.2d 526]. The Supreme Court, in discussing the meaning of the statute, said: "This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal." Waters-Pierce Oil Co. v. State, supra. The record reflects that each of the litigants in the divorce proceedings and their respective families are among the most substantial and respected citizens of Hopkins County. They each bear the highest reputation for honesty, integrity and morals. It is unfortunate for this child that through bickering of his young parents he shall be made to suffer as the result of a disunited home. The record reflects no change in conditions that surrounded the child or either of its parents between May 21, 1941, the date of the divorce, and that of the subsequent order entered on June 3, 1941.

Under the foregoing state of facts and the above authorities, it is concluded that respondent was without legal authority to enter the decree of June 3, 1941. However, it is not to be inferred from this conclusion that a trial court would be without authority to make an order respecting the care and custody of

a minor child in a divorce action, pending an appeal, upon a proper showing where the custody, care and control of such a child had not been provided for in the divorce decree. Nor is it to be inferred from above conclusion that in a divorce decree where an order has been entered providing for the care and custody of a minor child, and that judgment has been superseded by the filing of a supersedeas bond, the trial court would be without legal authority to entertain a motion and upon hearing modify any previous order relating to the custody, control and care of a minor child where it is made to appear that, by reason of a changed condition arising after the entry of the formal decree, the welfare and best interest of such child required same. Articles 4639 and 4639a, R.C.S., Vernon's Ann.Civ.St. arts. 4639, 4639a. As stated in Lawler v. Wray, Tex.Civ.App., 8 S.W.2d 524, 527: "* * * suspending the judgment appealed from by supersedeas will not deprive any court of competent jurisdiction of authority, upon proper application, to inquire into all the circumstances surrounding said children, to protect them from any threatened danger, and to make all orders reasonably necessary to conserve their welfare during the pendency of any appeal from said judgment. * * * in every case involving the custody of a child its welfare is the prime consideration." Burckhalter v. Conyer, Tex.Com. App., 285 S.W. 606.

This brings us to the disposition of the custody of the child pending the appeal in this case in a habeas corpus hearing before respondent on March 25, 1941, which in part reads:

"* * * the court is of the opinion that the custody of the child, pending final hearing of this cause, should be equally divided between the father and the mother. It is therefore ordered by this court that until the May Term the custody of Robert Charles Jennings be awarded to the father and the mother for equal portions of time; that is to say, that the father shall have custody of the child for one week and the mother shall have custody of the child for the following week. * * *

"It is the further order of this court that this order is only temporary, and that final disposition of the custody of said child shall be made at the next term of this court, beginning on the 12th day of May, 1941."

The divorce decree entered May 21st pending on appeal in this court has not become final. Until such time as the divorce action now on appeal is adjudicated or until another order relating to the custody of the child in keeping with the observations above made, the above decree entered March 25th will remain in full force and effect, and the temporary restraining order heretofore granted by this court is perpetuated.