EX PARTE JOHN E. WRATHER.

No. 7969. Decided April 29, 1942.

(161 S. W., 2d Series, 774.)

*Fred Erisman* and *Mike Anglin,* both of Longview, for relator.

*Hurst, Leak & Burke,* for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a habeas corpus proceeding. This controversy grew out of an order made by the District Judge in the 124th District Court of Gregg County, entered on the 4th day of March, 1942, affecting the custody of a minor, John McDonald Wrather. On the 16th day of March, 1942, a contempt motion was filed in said court against relator, for refusing to obey the order of the court entered therein on March 4, 1942. Upon hearing, relator was adjudged in contempt of court for failure to deliver custody of such minor son to his mother, as directed by such court. Relator applied to the Court of Civil Appeals for a writ of mandamus, but the writ was denied by that court on March 25, 1942, on the ground that this Court had acquired jurisdiction of the subject matter involved by granting relator a writ of habeas corpus on March 23, 1942. The principal question involved here is whether a judgment of a district court, awarding custody of a child, may be superseded pending an appeal.

The material facts are these: The parents, Mrs. Irene Wrather, referred to as the mother, and John E. Wrather were divorced in 1937. The question of the custody of their minor son, John McDonald Wrather, was relitigated in September, 1939, and again in November, 1940. In the order of November, 1940, the child was awarded to the mother for the scholastic year of 1941-1942; but the father was to be allowed the temporary custody on alternate week ends. The order also provided that each parent should post a $5,000.00 bond, payable to the other maker, conditioned that he or she would not remove the son from the jurisdiction of the court.

On March 4, 1942, the former custody order was modified to provide that the father was to keep the child in school at

Longview, Texas, during the scholastic year 1941-1942; but the mother was to have temporary custody on alternate week ends, beginning on March 13, 1942. It also recited that the mother thereafter would keep the child during subsequent school years, and that the father should have custody during the summer months; but the opposite parent was to have the son on alternate week ends. The relator, the father, excepted to this order. He gave notice of appeal, and began efforts to supersede the judgment. On March 12, 1942, the District Judge wrote the district clerk a letter, advising him that he was enclosing an order permitting the father to appeal on $1,000.00 bond; but he cautioned the clerk to be careful about taking the appeal bond, evidently because he did not believe the judgment could be superseded. On March 12, 1942, the father tendered a $1,500.00 bond to the clerk, for the purpose of superseding the judgment. The bond was filed, and the clerk was requested to approve it. He refused to do so because of the statements of the trial judge. The next day, March 13, 1942, being the first day of the first week end the mother was entitled to custody under the order of March 4, 1942, the mother demanded the child. The father refused to turn him over to her. She immediately filed an affidavit for contempt, and a show-cause order was issued. Upon the contempt hearing the trial judge stated that he would not set a supersedeas bond because he did not consider that one was necessary. He subsequently signed the order refusing to set the bond. It was stipulated that one of the sureties on the bond tendered, T. B. Wrather, was financially able to pay the amount of the bond, in the event of default. There also appears in the transcript an affidavit of the clerk that he considered the sureties sufficient, and that he would have approved the bond but for the instructions of the District Judge to the contrary.

The father, who is relator, was thereupon adjudged in contempt of court for his failure to deliver the child to the mother, notwithstanding the fact that he had made a bona fide attempt to file a good and sufficient supersedeas bond in arrest of the judgment which was the basis of the contempt proceedings. He appealed to the Court of Civil Appeals for a writ of mandamus, but same was denied.

Rule 364 of Texas Rules of Civil Procedure prescribes the requirements of a supersedeas bond. It provides in part as follows: "An appellant desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond

to be approved by the clerk, * * *." Subdivision (e) of the same rule provides, "Where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal."

■ This rule found its source in Article 2270, R. C. S. 1925. That statute was superseded by the new rules of civil procedure promulgated by the Supreme Court. This Court, in construing the former statute, held that all final judgments may be superseded, unless otherwise provided by statute, by the filing of a proper supersedeas bond. Ex parte Kimbrough, 135 Texas 624, 146 S. W. (2d) 371. And, more specifically, it has been held that a final judgment involving the custody of a child may be superseded. Lawler v. Wray (Civ. App.), 8 S. W. (2d) 524; Jennings v. Berry (Civ. App.), 153 S. W. (2d) 725; 15 Tex. Jur., p. 672, sec. 168.

■ It is agreed that one of the sureties on the supersedeas bond was financially able to pay the amount of the bond, in the event of a default. Rule 364 merely prescribes that an appellant must give "a good and sufficient bond to be approved by the clerk." Therefore, if one of the bondsmen was actually sufficient surety, and the clerk was willing to accept the bond, this made a "good and sufficient bond," and met the requirements of the rule. Such was the holding under old Article 2270. Universal Automobile Ins. Co. v. Culberson (Civ. App.), 51 S. W. (2d) 1071.

In the event it should appear that a bond is insufficient, Rules 365 and 367 provide ample authority for requiring a sufficient bond. And Rule 368 provides:

"Upon the filing of the proper supersedeas bond, execution of the judgment, or so much thereof as has been superseded, shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."

It clearly appears that relator has done everything within his power to perfect his appeal from the order of the district court awarding the custody of the child, and has tendered a good and sufficient supersedeas bond as required by law. The trial court evidently was of the belief that its order could not be stayed by a supersedeas bond, and for this reason did not authorize it to be filed. Under all the circumstances, the effect

of the actions of the district clerk was to approve the super-sedeas bond filed by relator. Therefore the district court lost jurisdiction of the order entered by it, and did not have the power to fine relator for contempt for disobeying such order.

Relator is ordered discharged.

Opinion delivered April 29, 1942.