### LANFORD v. BISHOP, Judge.

### No. 5664.

Court of Civil Appeals of Texas. Amarillo.

Dec. 4, 1944.

Chas. H. Dean, of Plainview, for relator.

Reeder & Reeder, of Amarillo, for respondent.

PER CURIAM.

This is an original application by the relator, Fred Lanford, Jr., for a writ of mandamus requiring the respondent, the Honorable Henry S. Bishop, District Judge of the 47th Judicial District, to fix the amount of a supersedeas bond in the case of Myrtle Ruth Carruth et vir. v. Fred Lanford, Jr., et al., No. 17942–A, in which final judgment was entered by the trial court on October 26, 1944, and to which judgment the relator excepted and gave notice of appeal to this Court.

On February 1, 1944, Myrtle Ruth Carruth and her present husband, as plaintiffs, instituted an action in the 47th District Court of Potter County against her divorced husband, the relator, Fred Lanford, Jr., and his father and mother, William Fred Lanford and Sally Lanford, seeking an award to plaintiff, Myrtle Ruth Carruth, of the full time care, custody, and control of Richard Wesley Lanford, the four-year-old son of the plaintiff and the relator. The plaintiffs prayed for "a writ of injunction enjoining and restraining the defendants and each of them from removing said Richard Wesley Lanford from and out of the County of Potter and State of Texas during the pendency of this suit, and that they have said child before this court on the 28th day of February, 1944, in the district court room at the courthouse in Potter County, Texas, there to remain from day to day until further orders of this court; and these plaintiffs further pray that on a final hearing hereof they have judgment decreeing the care, custody, support, and maintenance of said child, Richard Wesley Lanford, to these plaintiffs." The trial judge, by fiat dated February 1, 1944, directed the issuance of "a writ of injunction in all things as prayed for."

The defendants interposed a plea in abatement, and subject to such plea filed a general denial and by cross action sought judgment decreeing "the continued care, custody, control, support and maintenance of said child, Richard Wesley Lanford, to be in them."

At a hearing of the cause before the court on October 26, 1944, the court found that "it is in the best interest of the minor child named in the pleadings, towit: Richard Wesley Lanford, to be placed in the custody and care of his mother, said Myrtle Ruth Carruth, plaintiff herein," and decreed that "the plaintiff, Myrtle Ruth Carruth, do have and recover of and from the defendant, Fred Lanford, Jr. et al the custody of the said child, Richard Wesley Lanford, and that the custody of said child be immediately delivered to the plaintiff by said defendant." Exception to the judgment was taken by the relator, notice of appeal immediately given, and the trial court was, by written motion, requested to set and fix the amount of a supersedeas bond necessary to supersede the final judg-

ment. The trial court, by written order, "being of the opinion that said motion is not well taken and that the said judgment is of such character as that the said defendant is not legally entitled to supersede said judgment and that this court is not required to fix a supersedeas bond in such case," overruled the motion and refused to set an amount for supersedeas bond. The relator duly excepted and, as stated at the outset, now presents in this Court an application for a writ of mandamus requiring the respondent to fix and set the amount of a supersedeas bond in the cause.

Rule 364, Texas Rules of Civil Procedure, provides that an appellant who desires to suspend the execution of a judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to the appellee, and conditioned ·that in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against him. Section (e) of the rule provides: "Where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal."

█ The question involved here is whether a judgment of a district court awarding custody of a child may be superseded pending an appeal. The precise question was before the Supreme Court in the case of Ex parte Wrather, 139 Tex. 47, 161 S.W.2d 774, 775. Justice Sharp, in delivering the opinion of the Court, stated:

"Rule 364 of Texas Rules of Civil Procedure prescribes the requirements of a supersedeas bond. * * *

"This rule found its source in Article 2270, R. C. S. 1925. That statute was superseded by the new rules of civil procedure promulgated by the Supreme Court. This Court, in construing the former statute, held that all final judgments may be superseded, unless otherwise provided by statute, by the filing of a proper supersedeas bond. Ex parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371. · And, more specifically, it has been held that a final judgment involving the custody of a child may be superseded. Lawler v. Wray, Tex. Civ.App., 8 S.W.2d 524; Jennings v. Berry, Tex.Civ.App., 153 S.W.2d 725; 15 Tex.Jur. p. 672, § 168."

█ Counsel for the child's mother has ably urged before this Court the proposition that the welfare of the child is paramount and the general mandate imposed by law upon the courts to protect that welfare should prevail over any rule of law relating to supersedeas bonds. It is the rule, and a very wholesome rule, that the best interests and welfare of the child are recognized as the first and dominant issue in a child-custody case. The existence of such a declared policy lodging in the trial court the responsibility of protecting a child's interest would be ample reason to warrant the proper authority in exempting any order awarding the custody of a child from the provisions of the law providing for supersedeas bond. As reflected by the cited authorities, however, no such exemption has to this date been provided, and this Court is not authorized to effect the change, desirable as it may be.

It will be noted that there was no temporary order entered by the trial court, and none sought fixing the temporary custody of the child pending final disposition of the case, and we do not, by this opinion, intend to hold that such a temporary order made pending the final hearing in the trial court would not be effective until a final adjudication of the case on appeal. In the case of Jennings v. Berry, Tex.Civ.App., 153 S.W.2d 725, the final judgment of the trial court in a divorce proceeding also made an award of the custody of the minor child. That judgment was superseded and it was held that the trial court thereafter, in the absence of changed conditions and a hearing upon application to modify any previous order relating to the custody of the child, had no authority to enter an order disposing of the custody of the child pending the appeal. But the trial court had, prior to and pending the final hearing of the divorce suit, entered a temporary order in a habeas corpus hearing, fixing the custody of the child until the final disposition of the custody of said child should be made in the divorce case. Even though the final judgment in the divorce case had been superseded, the appellate court ruled that this temporary order should remain in full force and effect until the divorce decree then pending on appeal had become final.

As stated, there are no temporary orders in the record except that of a restraining order prohibiting the defendants from removing the child from Potter County. It is our opinion that under the law the relator had a right to supersede the judgment of October 26, 1944, entered by the trial court in the case. It follows, therefore, that the writ of mandamus should be issued as prayed for.