### LACY v. HITZEMAN et al.

### No. 14709.

Court of Civil Appeals of Texas. Fort Worth.

June 15, 1945.

L. J. Wardlaw and A. L. Wardlaw, both of Fort Worth, for relator.

Jules F. Mayer, of Dallas, and Greines & Greines, of Fort Worth, for respondents.

McDONALD, Chief Justice.

On the 9th day of June, 1945, Wayne A. Lacy, the relator, filed in this Court an application for injunction, complaining of the Hon. A. J. Power, in his official capacity as Judge of the 96th District Court of Tarrant County, and of Agnes Lacy Hitzeman and her husband Russell Charles Hitzeman. The application for injunction relates to the following matters:

On June 5, 1945, the respondent Agnes Lacy Hitzeman, joined pro forma by her husband, filed a suit in the nature of a habeas corpus proceeding, which had for its purpose a trial of the question of the custody of Shannon Lacy, the child of the relator Wayne A. Lacy and respondent Agnes Lacy Hitzeman, who was formerly married to Wayne A. Lacy. Relator answered said petition on June 6, 1945, and on June 8, 1945, the matter was heard in the Court below. All of this is made known to us by the sworn petition of the relator, which is accompanied by copies of the various proceedings had in the Court below, including the final judgment, certified by the District Clerk.

The final judgment recites that the parties appeared, in person and by their respective attorneys, and announced ready for trial, waiving a jury, and that the Court heard the pleadings, evidence, and argument of counsel and adjudged that the best interest and welfare of the child would be best served by awarding his legal care, custody, and control to the mother, Agnes Lacy Hitzeman, from June 1 to September 1 and from December 20 to December 30 of each year, and that at the end of each

of such periods the child should return to his father. The judgment also contains the following paragraphs:

"It is the further order of this Court that in the event the defendant herein, or anyone for him or in his behalf, shall give notice of appeal from this order and shall execute and file the required supersedeas bond perfecting such appeal, then it is the Court's order, judgment and decree that the plaintiff, the mother, be awarded and she is hereby awarded the actual, immediate possession, control, care and custody of the minor male child, Shannon Lacy, pending said appeal, and during the specific times hereinbefore stated.

"To which action of the court the respondent herein, Wayne A. Lacy, by and through his counsel in open court duly excepted, and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, Texas; and the respondent having in open court duly requested the court to set the amount of the supersedeas bond in this case for the purpose of appeal herein, the court here and now sets said amount of the supersedeas bond at the sum of Fifteen Hundred ($1500.00) Dollars."

Shortly after the rendition of said judgment and on the same day, relator filed a supersedeas bond in the amount of $2,000, which was on the same day approved and filed by the clerk of the Court below.

When the petition for injunction was presented to us, immediately after its filing, we issued a temporary restraining order which in effect prohibited the respondents from interfering with relator's possession and custody of the child, and prohibited the Judge of the trial court from undertaking to avoid the effect of the filing of the supersedeas bond.

We ordered that respondent should show cause on this day why an injunction in similar terms should not continue in effect pending the appeal of the case.

On this day the respective attorneys for the parties appeared before us and presented argument. We are of opinion, and have so ordered, that the injunction will continue in force and effect until final disposition of the case on appeal.

The question for decision is whether the trial Judge had authority to decree, in the language above set out, that the mother should be awarded the actual and immediate possession, control, care and custody of the child pending appeal notwithstanding the filing of the supersedeas bond. It is settled by such cases as Ex parte Wrather, 139 Tex. 47, 161 S.W.2d 774, that the judgment of a District Court awarding custody of a child may be superseded pending an appeal. We are of opinion, both upon reason and upon authority of such cases as Jennings v. Berry, Tex. Civ.App., 153 S.W.2d 725, and Lanford v. Bishop, Tex.Civ.App., 184 S.W.2d 502, that there could be situations of an emergency character, or situations where conditions had changed after the date of the judgment rendered in the trial court and before disposition of the case on appeal, where the trial Judge would have authority to make temporary orders concerning the care and custody of the child during the time the appeal was pending, even though a supersedeas bond had been filed. We do not believe, however, that the record before us presents such a situation. Obviously, the order of the trial Judge awarding immediate custody to the mother, in event a supersedeas bond should be filed, was not based upon a change of conditions after the date of the final judgment, because the order in question was embodied in the final judgment. We find no recitals in the final judgment indicating that the order in question was made in view of any sort of emergency. Any thought that relator is not a fit and proper person to have custody of the child is negatived by the fact that the judgment of the trial court leaves the custody with relator for the greater part of each year. We also observe that the mother only prayed for custody of the child from June to September and from December 20 to December 30 of each year.

For reasons given the injunction will continue in force.