**BOYD et al. v. CRABB.**

No. 14871.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 17, 1947.

Rehearing Denied Nov. 14, 1947.

John Dowdy, of Athens, for appellants.

W. L. Coley, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This appeal is from an order sustaining a plea of privilege in a child custody case.

Appellee Crabb and appellant Mrs. Boyd were formerly married to each other, and were divorced in Harris County in 1945. The judgment entered in the divorce suit awarded custody of their only child to appellee, the father. The mother brought this suit, to obtain custody of the child, in the District Court of Henderson County, where she resided, naming appellee as the defendant. Appellee filed his plea of privilege to be sued in Tarrant County, the county of his residence. Appellant sought to maintain venue in Henderson County on the ground that appellee had committed a trespass in Henderson County by wrongfully taking the child from the possession of appellant in said county. Art. 1995, Revised Civil Statutes, Sec. 9. The trial court sustained the plea of privilege, and ordered the case transferred to Tarrant County.

A suit to again litigate and again adjudicate the custody of minor children whose custody has already been litigated and adjudicated at a term of court which has expired, whether in the same court or in another court of competent jurisdiction, is regarded as a new suit or an independent cause of action. The suit is governed by the general law of venue, and venue thereof lies in the county of the residence of the defendant. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. In O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397, the plaintiff sought to maintain venue in a county other than the county of the defendant's residence on the ground relied on by appellant here, to-wit, that the defendant had committed a trespass in the county where suit was brought. The court overruled such contention, saying that the alleged trespass was only an incident to plaintiff's cause of action and not the basis of it. Venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof. Id. Here, as in the case cited, the principal relief sought is an award of custody of the child to the appellant, and not a recovery of any sort for the commission of the alleged trespass. Also, we fail to find any evidence in the record to support the claim that a trespass was committed. At the time appellee took possession of the

child he was the child's legal custodian by reason of the custody award made in the divorce judgment. Whether or not he should be deprived of his rights as legal custodian of the child is a matter which will have to be determined when the case is tried on the merits.

Appellee complains of the order of the trial court awarding temporary custody of the child to appellant during the pendency of the suit. In the same order which sustained the plea of privilege, the court found that it was for the best interests of the child that it remain in appellant's home until the question of custody should be determined by the District Court of Tarrant County, and judgment was rendered to that effect. Appellee argues that after the trial court sustained the plea of privilege, he had no authority to enter any further order in the case. There is a general rule to the effect that the trial court may not, after sustaining a plea of privilege, make or enter further orders in the case. Craig v. Pittman & Harrison Co., Tex.Com.App., 250 S.W. 667; Brooks v. Wichita Mill & Elevator Co., Tex.Civ.App., 211 S.W. 288; Galbraith v. Bishop, Tex.Com.App., 287 S. W. 1087; Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113; Ledger Co. v. Tweedy, 5 Cir., 69 F.2d 198. But the general rule is not without its exceptions. In Pacific Mid-Continent Corporation v. Tunstill, Tex.Civ.App., 159 S. W.2d 908, we held that in such a case the court was not without authority to issue a temporary injunction for the purpose of preserving the property involved in the litigation until the case could be tried on the merits. In Lacy v. Hitzeman, Tex. Civ.App., 188 S.W.2d 711, Jennings v. Berry, Tex.Civ.App., 153 S.W.2d 725, and Lanford v. Bishop, Tex.Civ.App., 184 S. W.2d 502, it is recognized that the trial court has authority to make temporary orders concerning the custody of the child, even though the case has been appealed and even though the judgment regarding permanent custody has been superseded by the filing of a supersedeas bond. The necessities of the case may require that a temporary custody order be entered, to be effective while the case is on appeal, or un-

til further orders of the court. It would not be reasonable to hold that the trial court was without power to make such temporary orders as the welfare of the child might require, until it could be finally determined what court should try the case on the merits. At the time the temporary order was entered, it could not be known whether the appellate court would adjudge the venue to be in Henderson County or in Tarrant County. As we construe the order, it does not attempt to infringe upon the right of the Tarrant County District Court to enter custody orders, temporary or permanent, after the case is finally lodged in the latter court.

The judgment of the trial court is affirmed.