**FERGUSON et ux. v. COODY et ux.**

No. 14936.

Court of Civil Appeals of Texas.
Fort Worth.

April 9, 1948.

Rehearing Denied May 14, 1948.

Parish, Fillmore & Haley and Alan B. Haley, all of Wichita Falls, for appellants.

Otis Rogers and Truman Power, both of Fort Worth, for appellees.

SPEER, Justice.

This is a venue action growing out of a controversy over the custody of an eleven year old boy.

Plaintiffs, C. C. Coody and wife, instituted this proceeding in Tarrant County, Texas against defendants, Margaret Ferguson and husband, Bud Ferguson, residents of Wichita County, Texas.

Plaintiffs' petition asserted, in substance, that defendant, Margaret Ferguson, was formerly married to Red Payne; that there was born to that union a child named Phillip, a boy now eleven years of age (this is the child whose custody is in controversy); that the said Margaret Ferguson and her husband were divorced by an order of the District Court of Ward County, Texas; that in the divorce action the court awarded the custody of the child to Ruth Boggus, a sister of Margaret Ferguson; that defendant, Margaret Ferguson, the mother, and the child's father, Red Payne, and the said Ruth Boggus each and all abandoned the child when he was approximately one and a half years of age "and plaintiffs have voluntarily, constantly and continuously since such date assumed the responsibility of the care, custody and control of such minor child." That during the time the child has been with plaintiffs, the mother has seen him only twice and has contributed nothing to his support. That on November 17, 1947 defendant, Margaret Ferguson, came to the school where plaintiffs had enrolled such child and stole him away and has taken him from plaintiffs without their knowledge or consent. That by reason of the mother's abandonment of the child he now goes by the name of Phillip Coody and she has waived any right that she might normally have had to his custody and that it would be to the best interest of said child that he be forthwith returned to the custody of plaintiffs who love him as if he were their own. There are further allegations of the suitable character of their home for the child and that plaintiffs fear Margaret Ferguson will remove the child from the state and place him beyond the reach of plaintiffs.

Prayer was to the effect that the court issue his "Writ of Habeas Corpus commanding the proper officers immediately to take possession of such child, Phillip Payne Coody, and to deliver him forthwith to the care, custody and control of plaintiffs

* * * and that defendants and each of them be cited to appear and answer herein and that upon final hearing hereof the care, custody and control of such minor child be awarded to plaintiffs, C. C. Coody and wife, Willie Coody." They further prayed for an injunction against defendants from in any manner interfering with such care and custody by plaintiffs.

The petition was filed on November 18, 1947 and the court entered his fiat or order thereon, which recites the filing and consideration by the court, concluding with this language: "It is therefore the order of the court that the clerk forthwith issue a writ of habeas corpus commanding any officer * * * immediately to take possession of the person of Phillip Payne Coody wherever he may be found and in whose custody he may be and forthwith deliver him to the care, custody and control of plaintiffs, C. C. Coody and wife, Willie Coody, there to remain until a final order, judgment and decree be entered in this cause."

Defendants timely filed their plea of privilege in statutory form.

Plaintiffs filed their controverting affidavit in which they pleaded substantially the same as they did in the original petition and made their petition a part of the controverting affidavit. Plaintiffs further alleged in the controverting affidavit that long prior to the date of filing the original petition, at the time it was filed and at all subsequent times thereto, the residence and domicile of the minor child was and is in the City of Fort Worth, Tarrant County, Texas, the county in which this suit originated. That the act of defendant, Margaret Ferguson, in taking said child from the school where plaintiffs had him enrolled without the knowledge and consent of plaintiffs "was tantamount to an abduction of such child and constituted a crime, offense and trespass committed by the defendant in Tarrant County, Texas, with the aid and encouragement of her said husband, Bud Ferguson. By reason of the premises venue of this cause lies in Tarrant County, Texas."

A venue hearing was had and both sides offered a great deal of testimony, much of

which will doubtless again be heard when the merits are to be determined.

On January 8, 1948, the court entered his order overruling the plea of privilege and defendants (the Fergusons) have appealed. They rely upon a single point of error, which, in substance, is that the trial court erred in overruling their plea of privilege.

■■ It is the settled law in such cases as this that the plea of privilege and the controverting affidavit constitute the pleadings and present the issues at the hearing. Courts will look to the petition in determining the nature of the suit.

■ Article 1995, R.C.S., Vernon's Ann. Civ.St. art. 1995, provides that no person who is an inhabitant of this state shall be sued out of the county of his domicile, subject to certain specified exceptions thereunder. This privilege to be sued only in the county of one's domicile is a valuable right. 43 Tex.Jur. 713, sec. 8. Our courts have held that this right should not be taken away by means of technicalities nor upon doubtful or strained construction of the exception provisions. To deprive defendant of this right the case against him must be clearly brought within one of the statutory exceptions. 43 Tex.Jur. 714, sec. 8.

■ Venue will ordinarily be determined by the nature of the principal right asserted and the relief sought in the pleadings. 43 Tex.Jur. 707, sec. 4; O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397; Boyd v. Crabb, Tex.Civ.App., 205 S.W.2d 606.

Although plaintiffs' petition sought to have the child in controversy returned from his mother to the custody of plaintiffs by means of the writ of habeas corpus, the petition discloses that the final relief sought was that the court award to plaintiffs the permanent "care, custody and control of such minor."

It cannot be said in this case that because plaintiffs employed the equitable writ of habeas corpus by which to gain immediate custody of the child that such immediate custody was the primary purpose of the suit; nor do we believe that the only question involved here is whether or not the writ was properly issued. Oddly enough, the petition prays that the writ issue and under it the child be restored by the officer executing it to the plaintiffs and the court granted the writ at an ex parte hearing and the testimony reveals that the child was delivered by the officer to the plaintiffs' custody. We attach no significance to the unusual conditions of the writ and the manner in which it was executed. It will be observed that it was not ordered that the child be brought before the court for determination as to his legal custody. The petition reveals quite a different controversy, in that it asks for a final award of the custody to plaintiffs; in a preliminary statement made by plaintiffs' counsel to the trial court before the testimony was heard, he said, substantially, that this is an action to determine custody of the child.

Habeas corpus as such finds no statutory provision in civil cases, but our courts have recognized its existence in equity when applicable to determine custody of children. 21 Tex.Jur. 473, sec. 50.

Fraley v. Martin, Tex.Civ.App., 168 S. W.2d 536, while not a venue case, involved habeas corpus, under which the immediate possession of a child was procured; but the court held that the writ was necessary to properly litigate custody and that custody was the primary purpose of the suit.

In the case at bar it appears that a court of competent jurisdiction has awarded the custody of Phillip Payne, the minor, to his mother, the defendant, Margaret Payne now Ferguson. The plaintiffs in this suit seek an award of custody to them, which in its nature is a suit to change the custody of the child from that of the mother to plaintiffs. In Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020, under similar conditions, it is said: "It follows that suits to relitigate and readjudicate custody of minor children on account of changed conditions were governed by the general law of venue, and such venue lay in the county of the residence of the defendant." This case has been uniformly followed although in some instances under different facts than there involved. Mauldin v. Buchanan, Tex.Civ.App., 198 S.W.

2d 469; Peacock v Bradshaw, Tex.Sup., 194 S.W.2d 551; Isom v. White, Tex.Civ. App., 202 S.W.2d 486; Boyd v. Crabb, Tex. Civ.App., 205 S.W.2d 606.

In Peacock v. Bradshaw, supra, the Supreme Court held that under facts somewhat similar to those before us that although the child was really in the possession of another outside the state, nevertheless the natural father was the legal custodian and the child's legal domicile was with him for jurisdictional venue.

■ Boyd v. Crabb, supra, (by this court) involved some of the identical points now before us. Plaintiffs' counsel argues that since the instant case is one of habeas corpus, a distinction is, to be drawn between that and this case. We think not. Even so, the Boyd-Crabb case did involve a writ of habeas corpus, yet we did not think it necessary to mention that fact in the opinion since it was obvious that the primary purpose of the suit was custody of a child. The record in that case is in this court and we may take cognizance of it.

■ Upon the hearing in the instant case, defendants introduced in evidence a certified copy of the judgment of divorce between the mother and father of the child, in which the child's custody was awarded, to the mother, who is now the defendant, Margaret Ferguson. There was no testimony that the decree had ever been modified in any way. It is quite evident that the plaintiffs' allegation that the child was awarded to Ruth Boggus by the divorce court was an error. The only attempt made to prove that the custody was given to Ruth Boggus was that she had so informed the plaintiffs. Such testimony had no probative value. Substantially all of plaintiffs' testimony of how they came to have the custody of the boy was denied at the trial by Mrs. Ferguson.

■ Plaintiffs introduced in evidence a letter from Mrs. Ferguson (the mother) of date December 5, 1939, in which she expressed a willingness for plaintiffs to adopt the child, but her subsequent acts clearly reveal that such consent was withdrawn, a

thing the mother had a right to do. Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420; Hammond v. Chadwick, Tex.Civ.App., 199 S.W.2d 547; Austin v. Collins, Tex. Civ.App., 200 S.W.2d 666, writ refused, no reversible error. There is no contention here that plaintiffs ever attempted to adopt the boy. Their counsel says in his brief that he does not know why they never attempted to adopt him; it is not our prerogative to speculate as to why they did not do so.

In this venue hearing we must determine under the authority of the cited cases what was the legal domicile of this child. We are of the opinion it was with the natural mother who had been awarded its custody. The mother was cited in this case in an effort to have that custody changed and have it awarded to plaintiffs.

Venue in Tarrant County is sought under exception 9 to Article 1995, R.C.S. It was shown that the asserted trespass consisted of the mother coming to the school where her young son had been placed by plaintiffs and taking him to her home in Wichita Falls without the knowledge or consent of plaintiffs. Under the facts of this case we do not believe that a trespass as contemplated by the venue statute was committed. Plaintiffs' action to procure a change in the award of the custody from the mother to them was not based upon the illegality of the mother's act in taking the child from Tarrant County to her home.

■■ It seems to us that for plaintiffs to claim venue in Tarrant County against a defendant residing in another county of the state, claiming her privilege, if based upon a "trespass" committed in Tarrant County, it must be made to appear that some illegal act was committed by defendant resulting in damages to the person or property of plaintiffs in the county where they seek to maintain venue. This appears to be the construction given to the statute in the early cases of Armendiaz v. Stillman, 54 Tex. 623; Hubbard v. Lord, 59 Tex. 384.

In Ward v. Odem, Tex.Civ.App., 153 S. W. 634, 635, it was held that "trespass" as used in exception 9 to Article 1995, R.C.S.

means "any intentional wrong or injury to the person or property of another." Citing Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618.

Referable to an action for damages growing out of a trespass on property, it is said in 41 Tex.Jur. 424, sec. 14: "Doubtless a right to the possession of property is a perfect defense to a charge of trespass."

Plaintiffs cite and rely upon Lloyd v. Smith, Tex.Civ.App., 203 S.W.2d 793. The facts in that case are in reverse to those in the instant one. There it appears that after the death of the mother to whom custody of children had been awarded, the father was by law automatically reinvested with custody of his children. The defendants, without the father's consent, took the children from Dallas County to Grayson County. The father filed his suit in Dallas County and procured a writ of habeas corpus to have the children brought into that county and prayed that their custody be awarded to him. The defendants' plea of privilege was overruled. The appellate court affirmed the judgment, holding that the action was in no wise one of "child custody contest," that the only question for determination was whether the children were being illegally restrained by defendants when the writ was sued out. In view of the fact that plaintiffs in the instant case are seeking final custody of the child Phillip Payne as against his mother, who had been awarded his custody by a court of competent jurisdiction, we fail to see how plaintiffs can find any solace in the cited case.

From what we have said and the authorities cited, we sustain defendants' point of error, reverse the judgment of the trial court and render judgment sustaining the plea of privilege and order that the cause be transferred to a District Court of Wichita County, Texas, the place of the legal domicile of the minor.

Reversed and rendered.

### On Motion for Rehearing

Appellees have filed a motion for rehearing and urge several asserted points of error. We are not convinced that we have not properly disposed of this appeal. Referable to what we have said in the original opinion in regard to the legal residence of the child involved, and the right of the natural mother to withdraw her consent to adoption before legal proceedings thereon had been instituted, we cite the case of Wicks v. Cox, Tex.Sup., 208 S.W.2d 876, published since we wrote our original opinion. While the cited case was upon merits, we think it highly persuasive that we have properly disposed of this appeal.

The motion is overruled.