Gus PREISSMAN et al., Appellants,

v.

ALLIED BANK OF TEXAS, Appellee.

No. 15464.

Court of Civil Appeals of Texas, San Antonio.

June 30, 1975.

James R. Warncke, Collins B. Cook, John Oliver, San Antonio, for appellants.

Butler, Binion, Rice, Cook & Knapp, Eugene A. Cook, Nancy B. Hogan, Houston, for appellee.

CADENA, Justice.

Plaintiffs, Gus Preissman and wife, Thelma, Ben Katz, John Oliver and James R. Warncke, appeal from an order of a district court of Bexar County dismissing their application for a temporary injunction for want of jurisdiction.

This suit was originally filed in Bexar County by plaintiffs against Bank and other defendants to recover on a promissory note and to foreclose the lien securing such note. The controversy between plaintiffs and Bank concerns priority of liens, with plaintiffs seeking to set aside an agreement, executed by them, subordinating their lien, which is first in time, to the lien claimed by Bank.

Bank, a resident of Harris County for venue purposes, timely asserted its privilege to be sued in its domiciliary county. The Bexar County court, after a hearing, entered an order sustaining the plea of privilege and ordering that portion of the case involving the dispute between plaintiffs and Bank transferred to Harris County.

Plaintiffs appealed from the order sustaining the plea of privilege and on April 23, 1975, in our cause No. 15400, we affirmed the order sustaining Bank's plea of privilege. On May 1, 1975, plaintiffs filed their third amended original petition in the Bexar County district court. In this pleading plaintiffs sought a temporary injunction restraining Bank from foreclosing its lien by trustee's sale. On May 7, 1975, plaintiffs filed in this Court their motion for rehearing in cause No. 15400, the venue case.

■ On May 9, 1975, in answer to plaintiffs' application for temporary injunction, Bank filed in the Bexar County court a pleading captioned "Motion to Quash and Plea to the Jurisdiction," reciting the previous order of that court sustaining Bank's plea of privilege and the affirmance of such action by this Court. Bank then asserted that, because of such circumstances, the Bexar County court lacked "jurisdiction" to enter any order other than one transferring the plaintiffs' suit against Bank to Harris County.

On the same date, May 9, 1975, while plaintiffs' motion for rehearing was still pending in this Court in the venue case, the Bexar County court entered an order reciting that it lacked jurisdiction to entertain plaintiffs' application for temporary injunction and dismissing such application.

On June 4, 1975, we overruled plaintiffs' motion for rehearing in the venue case but, at the same time, modified the opinion previously delivered. On June 16, 1975, plaintiffs filed their second motion for rehearing in the venue case. See Rule 468, Texas Rules of Civil Procedure (1967); *Honeycutt v. Doss*, 410 S.W.2d 772 (Tex.1966). That motion is still pending in this Court.

Plaintiffs perfected their appeal from the order dismissing their application for temporary injunction on May 15, 1975, and on May 30, 1975, we granted plaintiffs' application for injunction preventing the holding of the trustee's sale while plaintiffs' appeal from the trial court's order dismissing its application for temporary injunction was pending in this Court. On that same day we set such appeal for oral argument on June 18, 1975.

Under the express provision of Rule 385(c), Tex.R.Civ.P. (1967), the perfection of the appeal from the order sustaining Bank's plea of privilege suspended "transfer of the venue and trial upon the merits . . . pending the appeal." There can be no doubt that plaintiffs' appeal from the order sustaining the plea of privilege is still "pending."

■ The filing of a plea of privilege does not deprive the trial court of power to enter interlocutory orders which it deems necessary to preserve the status quo and the subject matter of the suit, and this power includes "the granting of temporary injunctions." *Parr v. First State Bank of San Diego*, 507 S.W.2d 579, 581 (Tex.Civ.

App.—San Antonio, no writ). This power, which, of course, does not include the power to enter judgment on the merits, continues until the trial court has, by what the Supreme Court has termed "affirmative action," surrendering "jurisdiction." *Texas-Louisiana Power Co. v. Wells*, 121 Tex. 397, 48 S.W.2d 978, 981 (1932).

Bank, while conceding that the trial court has such power where, as in *Parr*, there has been no disposition of the plea of privilege by the trial court, insists that the power to make such interlocutory orders is lost when, as here, the trial court has entered an order sustaining the plea of privilege.

■ The entry of an order sustaining a plea of privilege is, of course, "affirmative action" by the trial court. But it is clear that the mere entry of the order does not divest the trial court of all "jurisdiction." For example, the trial court may, within 30 days after entry of the order, vacate, modify or set aside such order. Rule 329b, Tex. R.Civ.P. (1967); *O'Neal v. Texas Bank & Trust Co.*, 118 Tex. 133, 11 S.W.2d 791 (1929).

Because of the appeal and the rule precluding transfer of the venue while the appeal is pending, there is no presently effective affirmative action by the trial court surrendering "jurisdiction." While the appeal is pending, Harris County courts have no basis for taking any action in the case. To contend that action may be taken by a court in Harris County is to say that, despite the clear language of Rule 385(c), "transfer of the venue" has in fact taken place. The compelled conclusion is that, except for the venue question which is still before us, the case is still in the Bexar County court, although such court may not, because of the language of the applicable rule, make any determination on the merits. It is, then, the Bexar County court which retains the power to enter such interlocutory orders as may be necessary for the protection of the parties and the preservation of the subject matter of the suit.

Our conclusion is not without support in the decisions of this state. In *Boyd v. Crabb*, 205 S.W.2d 606, 607 (1947, no writ), the Fort Worth Court of Civil Appeals said: "There is a general rule to the effect that the trial court may not, after sustaining a plea of privilege, make or enter further orders in the case. . . . But the general rule is not without its exceptions. In *Pacific Mid-Continent Corporation v. Tunstill*, Tex.Civ.App., 159 S.W.2d 908, we held that in such a case the court was not without authority to issue a temporary injunction for the purpose of preserving the property involved in the litigation . . . ." Concededly, *Crabb* does not involve a set of facts identical to those here before us, since there the interlocutory order was included in the order sustaining the plea of privilege. And, in the *Tunstill* case referred to in the excerpt quoted above from the *Crabb* opinion, the temporary injunction was issued prior to the date on which the trial court sustained the plea of privilege. But we believe that the decision of the Waco Court of Civil Appeals in *Shell Petroleum Corp. v. Grays*, 87 S.W.2d 289 (1935), writ dism'd, 131 Tex. 515, 114 S.W.2d 869 (1938), is highly persuasive. There, the trial court, after overruling defendant's plea of privilege, appointed a receiver. Eventually, on appeal, it was held that the plea of privilege had been erroneously overruled, the trial court discharged the receiver but allowed him a fee of $7,500.00. On appeal from the order allowing the receiver such fee, it was urged that the district court of McLennan County, in which the suit was originally filed, had no authority to enter such order in view of the prior holding, on appeal, that venue properly lay in Gregg County. It was squarely held that the McLennan County court had authority to make such orders.

Our conclusion is simply that the trial court did not lack power to entertain the application for a temporary injunction. The question of whether, under the facts and circumstances of this case, such injunctive relief is required in order to protect the

rights of the parties or preserve the subject matter of the suit is a question of the propriety of granting such relief, as distinguished for the question of power to grant such relief. The only question before us is a question of power.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.