Harold KUNZ, Jr., et al., Relator,

v.

Hon. Franklin S. SPEARS et al., Respondents.

No. 15518.

Court of Civil Appeals of Texas, San Antonio.

Sept. 17, 1975.

Alfred W. Offer, San Antonio, for relator.

Foster, Lewis, Langley, Gardner & Banack, San Antonio, for respondents.

PER CURIAM.

This is an original proceeding wherein relators, Harold Kunz, Jr. and Kunz Construction Company, seek a writ of prohibition to prevent respondents, Hon. Franklin S. Spears, Judge of the 57th Judicial District Court of Bexar County, and H. Glenn Huddleston, from executing or seeking to enforce the judgment entered in Cause No. 74CI–3223.

On May 20, 1975, Judge Spears, as judge presiding, signed a judgment in Cause No. 74CI–3223 pending in the 57th Judicial District Court, which suit grew out of a dispute between partners as to the financing, development and disposition of partnership property consisting in part of cash, bank accounts, notes and real estate. Relators' amended motion for new trial was overruled on July 15, 1975, by Judge Spears. On July 23, 1975, the Hon. James C. Onion, Judge of the 73rd Judicial District Court of Bexar County, as judge presiding, entered an order in this cause fixing the amount of the supersedeas bond at the sum of $15,-000.00 pursuant to Rule 364(c).[1]

On July 23, 1975, the District Clerk of Bexar County approved and filed relators' supersedeas bond in this amount. Thereafter, respondent Huddleston filed a motion in the 57th District Court to increase the amount of said supersedeas bond. On August 15, 1975, Judge Spears entered an order which revoked the supersedeas bond filed by relators in the amount of $15,000.00 and ordered relators to file a new bond in the amount of $60,000.00 within twenty days or the judgment would be subject to execution. On September 2, 1975, we granted relators leave to file this original proceeding.

■ The matter of supersedeas is covered by Rules 364–368. Although he did not preside over the trial of the case, Judge Onion was authorized under Rule 330(h) to set the amount of supersedeas bond in the capacity as "judge presiding" in the 57th District Court of Bexar County. See also, Article 199, Tex.Rev.Civ.Stat.Ann. (1969). This bond, when approved by the District Clerk, superseded the judgment. *Ex parte Wrather*, 139 Tex. 47, 161 S.W.2d 774 (1942).

■ The power to require an additional bond where the initial supersedeas bond is insufficient is vested in the appellate court under the express provisions of Rule 365. This rule provides in part: "The sufficiency of a cost or supersedeas bond *shall* be reviewable by the appellate court and said court may require additional bond or security in case of the insufficiency of the amount of said bond or the sureties thereon, . . . ." (emphasis ours) See also *Schrader v. Garcia*, 512 S.W.2d 830 (Tex. Civ.App.—Corpus Christi 1974, no writ); *Polk v. Holland Texas Hypotheek Bank*, 66 S.W.2d 1112 (Tex.Civ.App.—Beaumont 1933, no writ).

■ We therefore conclude that Judge Spears did not have jurisdiction to set aside the original supersedeas bond which had been approved and filed. Respondents are hereby prohibited from proceeding with the execution or entry of orders in Cause No. 74CI–3223, in the 57th Judicial District Court of Bexar County pending the further order of this Court.

We have no doubt that respondents will abide by this opinion and our judgment herein entered, and, for that reason, the

1. All references to rules are to Tex.R.Civ.P. (1967).

clerk is directed not to issue a formal writ of prohibition.

The writ of prohibition is conditionally granted.