## JARNAGIN et al. v. GARRETT et al.
### No. 4441.

Court of Civil Appeals of Texas. Texarkana.
Feb. 21, 1934.

Rehearing Denied March 1, 1934.

Sarah T. Hughes, of Dallas, for appellants.

Clark, Harrell & Clark, of Greenville, and H. D. Garrett, of Emory, for appellees.

JOHNSON, Chief Justice.

H. D. Garrett was county judge of Rains county for two terms· from January 1, 1919, to December 31, 1922. On April 9, 1920, H. D. Garrett, as such county judge, appointed S. T. Cates guardian of the estate of Elgin, Elmer, and Melvin Jarnagin, minors. Inventory and appraisement was returned showing the estate to consist of an undivided interest in certain real estate valued at $1,065, personal property, $300, total $1,365. S. T. Cates qualified by taking the oath and executing guardian's bond in the sum of $2,750, with A. J. Koon and O. H. Rhodes as sureties, approved same date. April 24, 1920, S. T. Cates filed application to sell the undivided interest of the wards in the real estate. May 12, 1920, H. D. Garrett, county judge, entered an order authorizing the sale. Sale was made, and the guardian's report approved, and the sale was confirmed May 21, 1920. The interest of Elmer and Melvin Jarnagin in the proceeds amounted to $833.34. H. D. Garrett did not, in the order authorizing the sale nor in the order approving and confirming the sale, require S. T. Cates, the guardian, to execute and file the special sale bond provided for in such sales of real estate, articles 4201 and 4216, R. S., and no such special sale bond was ever filed by the guardian. No order was ever entered by the county judge to require or cause the guardian to file an annual accounting in the estate. And no accountings were ever filed by the guardian. No order was ever entered requiring the guardian to give any bond in addition to the guardian's general bond which he gave at the time of qualifying. After entering his decree confirming the sale of the real estate, May 21, 1920, H. D. Garrett, county judge, entered no further orders in the estate. When Elgin Jarnagin, the oldest ward, became of age, it appears he was settled by the guardian. Elmer Jarnagin became twenty-one years of age November 4, 1926, and Melvin Jarnagin became twenty-one years of age October 18, 1931. On July 8, 1931, after previous order and notice, judgment was entered in the estate by J. H. Foster, then county judge of Rains county, removing S. T. Cates as guardian and holding him liable to Elmer and Melvin Jarnagin in the sum of their two-thirds interest in the personal property, and their interest in the proceeds of the sale of the real estate, and interest thereon, allowing a credit of $60 paid to Elmer Jarnagin on October 1, 1928. Thereafter Elmer and Melvin Jarnagin filed suit in the district court of Dallas county, where they and S. T. Cates resided. The suit was against S. T. Cates and A. J. Koon and O. H. Rhodes, sureties on his general guardianship bond, seeking to recover the sum for which the guardian had been held liable in the order of the county court of Rains county. Upon trial of the case before the court without a jury, judgment was entered in favor of plaintiffs against S. T. Cates for the full amount sued for, and in favor of each of the plaintiffs, respectively, in the sum of $100 each, and interest thereon, against the sureties on the general guardianship bond, this $100 each being the value of the interest of the wards in the personal property; and the court denied any recovery against the sureties as to the proceeds of the sale of the real estate, which judgment was in accord with holding of the Supreme Court. American Indemnity Co. v. Noble, 235 S. W. 867. The surety, O. H. Rhodes, paid the judgment rendered against him. Execution was issued on the judgment against S. T. Cates and the surety A. J. Koon and returned "nulla bona." It was further agreed that up to 1922 S. T. Cates was solvent and able to account to his wards for the proceeds of the sale of the land. If it may be inferred from the return on the execution that S. T. Cates and the surety A. J. Koon are now insolvent, the facts do not show or indicate when either of them became insolvent.

This suit was filed October 19, 1932, by Elmer and Melvin Jarnagin in the district court of Rains county against H. D. Garrett, former county judge of Rains county, and sureties on his official bond, seeking to recover damages in the amount received by S. T. Cates as guardian from the sale of plaintiffs' interest in the real estate and interest thereon from the date of sale, less the credit of $60 paid to Elmer Jarnagin; it being alleged plaintiffs sustained such loss and damages as the result of the alleged failure of H. D. Garrett in his official capacity to perform the statutory duties required of him in the premises as county judge of Rains county, and in the particulars hereafter stated. Defendants answered by general demurrer, special exceptions, general denial, and special pleas. The trial was had to the court without a jury upon an agreed statement of facts substantially and in effect as above recited. Judgment was entered for defendants, denying plaintiffs any recovery, and from which

judgment plaintiffs have perfected their appeal.

It is the contention of appellants that they have suffered loss and damages in the respect and to the amount of money that they would have received from their guardian in. settlement with him on account of the proceeds received by him from the sale of their interest in the land, had it not been for his insolvency, or which they would have received from the sureties on his special sales bond had he been required to have given the special sales bond provided by statute, Acts 1913, chapter 151, p. 321, R. S., articles 4201, 4216, to be given by guardians upon the sale of real estate; that such loss and damages were by them sustained as the result of the alleged failure of H. D. Garrett acting in his official capacity as county judge of Rains county to perform his statutory duties in reference thereto in each and all the following particulars:

"(1) In that H. D. Garrett failed to require the guardian to file the special sales bond provided by the statutes (last above quoted) at the time of ordering and confirming the sale of the wards' real estate, or at any subsequent time during said County Judge's term of office;

"(2) In that H. D. Garrett failed to require the guardian to file annual accounts as provided by articles 4225, 4226 and 4227, R. S.;

"(3) In that H. D. Garrett failed to annually examine into the condition of the estate and require the guardian to execute another bond as provided by article 4141, R. S."

We shall first discuss appellants' propositions Nos. 2 and 3. They relate to the alleged duties of the county judge subsequent to his failure to require the guardian to file a special sales bond at the time he entered the order authorizing and the decree confirming the sale of the real estate. It is argued by appellants, in substance, that, had the guardian been required to file annual accounts, as provided by statute, or had H. D. Garrett annually examined into the condition of the estate as required by article 4141, the fact that the guardian had not filed the special sales bond and the fact of his insolvency would have been timely discovered, and that it would thereupon have been the further duty of the county judge to have required the guardian to execute a bond protecting the interest of the wards in the proceeds received by the guardian from the sale of the real estate.

That the execution issued on the judgment rendered June 21, 1932, in the district court of Dallas county was rendered "nulla bona" would not show or support an assumption that the guardian was insolvent prior to the expiration of H. D. Garrett's last term of office, December 31, 1922; and the record does not show that H. D. Garrett failed "to annually examine into the condition of the estate" further than as may be reflected by the facts that the guardian failed to file his annual account and was not cited to do so. But, should it be assumed that the guardian became insolvent during the time H. D. Garrett was in office, and that had he been cited to file an annual account, he would have made it, revealing his insolvency, or, had Garrett otherwise by annually examining into the condition of the estate have discovered the guardian's insolvency; the further question is presented, Could the county judge then have protected the wards' interest in the proceeds of the sale of the land by requiring at such subsequent date the guardian to execute and file the special sales bond which should have been filed at the time of entering the decree confirming the report of sale? It is our opinion that the question should be answered in the negative. Until the Acts of 1925, c. 119, page 303, Acts of 39th Legislature (article 4201a, Vernon's Ann. Civ. St.), which was after Garrett's last term of office expired, no provision was made for the subsequent filing of the guardian's sales bond when none was filed at the time of the sale. Hence, had it been called to the county judge's attention, by any of the means complained of by appellants, or otherwise, that the special sales bond had not been filed at the time of the sale of the land, and that by reason thereof the interest of the minors was not protected, H. D. Garrett as county judge at such subsequent date had no authority of law to require the guardian to execute and file the special sales bond. Attention is here directed that this suit is not predicated upon anything referable to the liability of the guardian's general bond. Its sureties are not liable for funds arising from the sale of real estate, and their solvency is not in question; by reason of which the special liability imposed by article 4141 attaching to the official bond of the county judge for damages or loss resulting to the estate of the ward through the negligence of the county judge to perform the particular duties in said article pointed out is not applicable to the facts we here have under consideration.

514

So, if H. D. Garrett is liable to plaintiffs on his official bond, such liability must necessarily be predicated upon general liability, and for loss resulting to appellants from the failure of the county judge to perform his duties as provided by articles 4201 and 4216, and in the particular of failing to require the guardian to file at the time of the sale the special sales bond. Appellants contend, in substance, that it was the duty of the county judge, in his order authorizing the sale, to require the guardian to file the special bond, and that it was the duty of the county judge in confirming the sale to have satisfied himself that the guardian had filed such bond; that the duty of "requiring" such bond on the part of the county judge was ministerial in its nature as distinguished from judicial acts, and that H. D. Garrett's failure to perform such duties resulted in the loss complained of by appellants, and for which liability attached to Garrett's official bond. We are of the opinion that the county judge's duties with regard to the order and decree mentioned, and in the respects complained of, were concerning matters involving the exercise of judicial discretion, and that his failure to have such orders comply with the provisions of law was a judicial error as distinguishable from a ministerial act. A ministerial act is defined in Commissioner v. Smith, 5 Tex. 471, 479: "The distinction between ministerial, and judicial and other official acts, seems to be, that where the law prescribes and defines the duty to be performed, with such precision and certainty as to leave nothing to the exercise of discretion, or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed merely ministerial."

The pertinent provision of article 4201 stating the terms and conditions of the county judge's order authorizing the sale of real estate recites: "4. It shall require the guardian to file a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold."

The words "good and sufficient bond" relate to its terms and conditions and the solvency and sufficiency of its sureties. It is not the duty of the county judge merely to "require a bond," but he is charged with the duty to enter, that is, formulate, as distinguishable from transcribe, an order requiring a bond of a particular character, "a good and sufficient bond subject to the approval of the court." His duty with respect to entering the order requiring this character bond does not terminate with the entering of the order; it continues to the final order confirming the report of sale, article 4216, R. S., wherein he is required to satisfy himself from the facts that the guardian has filed such character of bond, and if thereafter he concludes that it is good and sufficient, to approve it. The performance of these duties involves the exercise of judicial discretion, Rains v. Simpson, 50 Tex. 495, 32 Am. Rep. 609, and for the failure or erroneous performance of which no liability attaches, 25 Tex. Jur. § 16, p. 254.

In disposing of appellants' propositions as above indicated, we have done so from the viewpoint of appellants' assumption that the facts show that the appellants have sustained loss and have been damaged as the direct and proximate result of the failure of the county judge to perform the statutory duties in the respects complained of. But we are not to be understood as holding that the facts support this assumption or conclusion. Appellants did not absolutely lose their land by the purported sale. It is held that the failure to file the special sales bond renders the sale voidable and subject to being set aside at the instance of appellants, if they so choose. City of Tyler v. First National Bank of Beaumont (Tex. Civ. App.) 46 S.W.(2d) 454, 456.

Finding no error presented, the judgment of the trial court is respectfully affirmed.