

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 21, 1972

Hon. Cecil M. Pruett
Hutchinson County Attorney
630 North Deahl Street
Borger, Texas 79007

Opinion No. M- 1174

Re: Whether a county judge
who signs a driver's
license application
for a minor under
eighteen years of age
thereby assumes per-
sonal liability for
any subsequent negli-
gence or misconduct of
such minor in operating
a motor vehicle, pursuant
to Subsection (b) of
Section 7 of Article
6687b, Vernon's Civil
Statutes, and related
question

Dear Mr. Pruett:

Your recent letter requesting the opinion of this office concerning the referenced matter states, in part, as follows:

"Our County Judge has requested that we ask for an opinion as to his personal liability in the event he signs an application for driver's license submitted to him by a minor under 18 years of age.

". . . .

"Question No. 1

"In the event the County Judge signs the application of a minor under the age of 18 years and over the age of 16 years for a driver's license, as provided in Article 6687b, Section 7(b), does the County Judge and/or his bondsman become personally liable for any subsequent negligence or wilful misconduct of such minor in operating a motor vehicle?

"Question No. 2

"(a)  Is it necessary that the father, mother, guardian, employer or County Judge sign the application of a minor not less than 15 years of age for a driver's license under Article 6687b, Section 12(d)?

"(b)  In the event the County Judge signs such application, does he and/or his bondsman become personally liable for the subsequent negligence or wilful misconduct of such minor in operating a motor vehicle?"

Subsection (b) of Section 7 of Article 6687b, Vernon's Civil Statutes, as amended, provides:

"(b)  The Department (of Public Safety) shall not grant the application of _any minor under the age of eighteen (18) years_ for an operator's, commercial operator's, chauffeur's license unless such application is  signed by the father of the applicant, if the father is living and has the custody of the applicant, otherwise by the mother or guardian having the custody of such minor, or in the event a minor under the age of eighteen (18) years has no father, mother, or guardian, the license shall not be issued to the minor _unless his application therefor is signed by his employer or by the county judge of his residence_." (emphasis added.)

Section 8 of Article 6687b provides that:

"<u>Any person</u> who has signed the application of
a minor for a license may thereafter file with the
Department a request that the license of said minor
so granted be cancelled, which request shall be in
writing and acknowledged before some officer author-
ized to administer oaths.  Thereupon the Department
shall cancel the license of said minor <u>and the per-
son who signed the application of such minor shall
be relieved from any liability by reason of having
signed such application on account of any subsequent
negligence or wilful misconduct of such minor in
operating a motor vehicle</u>."  (emphasis added.)

The general rule of law applicable to your first ques-
tion has been stated as follows:

"It is the general rule that where a judge has
jurisdiction he is not civilly liable for acts done
in the exercise of his judicial function.  A judicial
officer cannot be called to account in a civil action
for his determination and acts in his judicial capa-
city and within his jurisdiction, however erroneous.
For a mere error of judgment in the execution of his
office, no action can be maintained against a judge
of any court, and he should not be mulcted in costs
or other forms of damages because of judgments ren-
dered by him.  This principle may be said to be as
old as the beginning of the English common law.  It
rests upon considerations of public policy, its
purpose being to preserve the integrity and inde-
pendence of the judiciary, and to insure that judges
will act on their own free, unbiased convictions,
uninfluenced by any apprehensions of consequences.
Indeed, it is said that on considerations of public
policy all judicial officers are absolutely privileged
in what they speak, write, or do in the performance of
their judicial acts, at least where such statements

or acts are relevant and pertinent to the matter before them.  Such acts are judicial acts and cannot form the basis for money damages.  The underlying reason for this rule of privilege is not the judicial character of the officer but the judicial character of the act; it is the public necessity that public agents engaged in the performance of a public duty under compulsion of law should not suffer personally in performing a judicial act for an error of judgment which the wisest and most circumspect cannot avoid.  The rule of immunity does not extend to acts of a judge which are ministerial rather than judicial in character."  46 Am.Jur.2d 141-43, Judges, Sec. 72.

The foregoing rule of immunity is followed in Texas. See, e.g., 33 Tex.Jur.2d 381-83, Judges, Sec. 21; Kruegel v. Murphy, 126 S.W. 343, 345 (Tex.Civ.App. 1910, error ref.); Jarnagin v. Garrett, 69 S.W.2d 511, 514 (Tex.Civ.App. 1934, error ref.); Welch v. Kent, 153 S.W.2d 284 (Tex.Civ.App. 1941, no writ); Pennington v. State, 332 S.W.2d 569, 570 (Tex.Crim. 1960); and Turner v. Pruitt, 161 Tex. 532, 342 S.W.2d 422 (1961).

Thus, notwithstanding the broad language of Section 8 of Article 6687b, which conceivably could bring county judges within its purview and thus render them liable for a minor's driving negligence, we are of the opinion that the language must be read in conjunction with the common law rule of judicial immunity set forth hereinabove.

The further question to be resolved in connection with your first question is:  Is a county judge's signing of a minor's application for a driver's license, pursuant to Section 7 of Article 6687b, a judicial or a ministerial act?  Clearly, if the signing is but a ministerial act, the rule of judicial immunity would not apply.

A ministerial act has been defined as follows:

">. . . The distinction between ministerial,
and judicial and other official acts, seems to
be, that where the law prescribes and defines
the duty to be performed, with such precision
and certainty as to leave nothing to the exer-
cise of discretion, or judgment, the act is
ministerial; but where the act to be done in-
volves the exercise of discretion or judgment
in determining whether the duty exists, it is
not to be deemed merely ministerial." Commis-
sioner of General Land Office v. Smith, 5 Tex.
471, 479 (1849).

We are of the opinion that Section 7 of Article 6687b,
quoted supra, does not place a ministerial duty on a county
judge to sign a minor's application for a driver's license,
any more than it places such a duty on any of the other parties
named in that Section.  The law is clear that a minor becomes
entitled to apply for a driver's license, solely in his own
right, when he attains the age of eighteen years.  To qualify
for a driver's license under the age of eighteen, he must not
only have completed an approved driver training course (Sub-
section (a) of Section 7), but must also have the consent of
his parent or guardian.  The parent or guardian may or may not
give his consent for various reasons, such as the under-eighteen
minor's maturity, stability, sense of discipline and responsi-
bility, or his lack of such qualities.

The county judge can sign the application for the
minor only when he has no father, mother, or guardian.  Thus,
the county judge is placed in a position of in loco parentis
to the minor, and is vested with the absent parent-guardian's
sense of discretion as to whether the minor should be granted
a driver's license.

Hon. Cecil M. Pruett, page 6,    (M-1174)


Inasmuch as Section 7 of Article 6687b imposes no mandatory ministerial duty on a county judge to sign an under-eighteen minor's application for a driver's license, we hold that the county judge is performing a discretionary judicial function incident to his office, and prescribed by statute. In this capacity, and in view of the foregoing authorities, you are advised that in our opinion neither a county judge nor his bondsman becomes personally liable for any subsequent negligence or wilful misconduct of an under-eighteen minor whose driver's license application such county judge has signed.

Therefore, your first question is answered in the negative.

Your second question, in essence, is: Does Subsection (b) of Section 7 of Article 6687b require the signatures of parents, guardians, employers, and county judges only on the applications of those under-eighteen minors between the ages of sixteen to eighteen years, or does it also require the signatures of those persons on the applications of minors aged fifteen years?

Section 7 falls under the heading "Application of minors". As has heretofore been made evident, Subsection (b) sets forth the parties who must sign the application. However, Subsection (a) of Section 7 refers only to minors between the ages of sixteen to eighteen years.

Sections 4 and 12(d) of Article 6687b provide three criteria whereby driver's licenses may also be issued to minors fifteen years of age in certain hardship situations. However, nowhere in these Sections is there a requirement that any of the foregoing persons must also approve the application of a fifteen year old minor.

It is an elementary rule of statutory construction that

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia

will, therefore, be taken, read, and construed
together, each enactment in reference to the
other, as though they were parts of one and the
same law. Any conflict between their provisions
will be harmonized, if possible, and effect will
be given to all the provisions of each act if
they can be made to stand together and have
concurrent efficacy.

". . . The rule proceeds on the supposition
that several statutes relating to one subject
are governed by one spirit and policy, and are
intended to be consistent and harmonious in their
several parts and provisions." 53 Tex.Jur.2d
282-84, Statutes, Sec. 186.

Statutes must also be construed in a reasonable manner,
so that an absurd result will be avoided. Id., at pp. 187-89,
Sec. 126.

While it is true that Subsection (b) of Section 7 is
under the heading of "Application of minors", is part of the
same Section 7 of which Subsection (a) relates only to minors
between the ages of sixteen to eighteen, and while it is also
true that neither Sections 4 nor 12(d), relating to minors aged
fifteen, require the signatures of any adult person, it is
nonetheless also a fact that Subsection (b) of Section 7 expli-
citly states that "The Department shall not grant the application
of any minor under the age of eighteen (18) years" (emphasis
added) for a driver's license until the signatures of the
enumerated persons have also been obtained.

Viewed in light of the foregoing rules of construction,
we think that Subsection (b) of Section 7 can reasonably be read
in conjunction with Sections 4 and 12(d), relating to fifteen
year old minors, and that the requirements of that Subsection
apply to fifteen year old minors, as well as those sixteen to
eighteen. To hold otherwise would be to allow fifteen year old
minors to apply, solely in their own right, for a driver's
license, and deny this privilege to their older minor peers.

We cannot believe the Legislature intended such an unreasonable, absurd and illogical differentiation.  We must give the statute rational, reasonable, and sensible construction.  53 Tex.Jur.2d 187, Statutes, Sec. 126.

You are therefore advised that it is necessary for a father, mother, guardian, employer, or county judge to sign the application for a driver's license of a minor fifteen years of age, in addition to the other requirements set forth in Section 12(d).  Your question 2(a) is thus answered in the affirmative.

We are of the opinion that our answer to your first question sufficiently answers your question 2(b), and you are advised that your question 2(b) is answered in the negative.

## S U M M A R Y

(1) The doctrine of judicial immunity from civil liability resulting from acts performed by judges in their discretionary judicial capacity is recognized in the State of Texas, and will be applied unless a judge acts solely in a ministerial capacity.

(2) Pursuant to Subsection (b) of Section 7 of Article 6687b, Vernon's Civil Statutes, neither a county judge nor his bondsman is liable for any subsequent negligence or wilful misconduct of the operation of a motor vehicle by any minor under the age of eighteen years if they have signed the minor's application for a driver's license.

(3) The act of signing an under-eighteen minor's application for a driver's license is a discretionary judicial function of a county judge, and is not a ministerial act.

(4) Fifteen year old minors applying for a driver's license pursuant to Subsection (d) of Section 12 of Article 6687b must also have the signature of one of the persons enumerated in Subsection (b) of Section 7 when they apply for a driver's license.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Gauss
Roger Tyler
Sally Phillips
John P. Traylor

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant