

# The Attorney General of Texas

May 28, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patrick J. Ridley
Bell County Attorney
P. O. Box 474
Belton, Texas 76513

Opinion No. MW-185

Re: Constitutionality and inter-
pretation of article 6701d, section
143A, V.T.C.S., regarding dismissal
of charges on completion of a
defensive driving course.

Dear Mr. Ridley:

You ask whether section 143A(a)(2) of article 6701d, V.T.C.S., is constitutional. This provision reads as follows:

> Sec. 143A. (a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 50 or 51, committed while operating a motor vehicle, the court:
>
> (1) in its discretion may defer proceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or other driving safety course approved by the court; or
>
> (2) shall defer proceedings and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the court, if:
>
> (A) the person presents to the court an oral request or written motion to take a course;
>
> (B) the person has a valid Texas Driver's license or permit; and
>
> (C) the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately proceeding the date of the alleged offense.
>
> (b) When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge.

p. 591

You suggest that this provision is unconstitutional because it requires the judge to dismiss charges if the three stated conditions are met, allowing him no discretion. You suggest that it violates article II, section 1 of the Constitution which provides for the separation of powers, and article V, section 1 of the Constitution which vests judicial power in justices of the peace.

However, it is well established that the legislature may give judges responsibilities which do not require the exercise of judicial discretion. See Jarnagin v. Garrett, 69 S.W.2d 511 (Tex. Civ. App. — Texarkana 1934, writ ref'd); Koll v. State, 157 S.W.2d 377 (Tex. Crim. App. 1941). A judge may be assigned ministerial duties, which are duties prescribed and defined with such precision as to leave nothing to the exercise of discretion or judgment. Jarnagin v. Garrett, supra. Once the defendant complies with the three conditions under section 143A(a)(2), we believe the court has a ministerial duty to dismiss the charge.

You next ask for an interpretation of the following language of section 143A(b): "and the evidence presented is accepted by the court." You suggest that this provision refers to common law rules of evidence and means that the judge must admit the evidence presented by a defendant unless there is an objection to it. However, section 143A(b) uses the term "accepted" rather than "admitted." Moreover, since section 143A(a)(2) spells out the kind of evidence which defendant must present, the judge need not rule on relevancy. He need only determine whether the evidence conforms to the requirements of section 143A(a)(2). We believe the language you inquire about contemplates that the judge will evaluate the evidence presented by the defendant that he has successfully completed an approved defensive driving course and accept it if in fact it complies with the statutory requirements.

## SUMMARY

Section 143A(a)(2) of article 6701d, V.T.C.S., does not unconstitutionally deprive a justice of the peace of judicial discretion. The section requires him to evaluate evidence presented by the defendant that he has successfully completed a defensive driving course.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Bill Willis
Bruce Youngblood