

# The Attorney General of Texas

January 20, 1982

WHITE
:y General

Court Building
( 12548
X. 78711
501
3874-1367
w 512/475-0266

1 St., Suite 1400
C. 75201
944

rta Ave., Suite 160
TX. 79905
484

is Ave., Suite 202
TX. 77002
366

hway, Suite 312
TX. 79401
138

mth, Suite 8
TX. 78501
147

Plaza, Suite 400
ao, TX. 78205
91

Opportunity/
Action Employer

Ms. Elizabeth C. Jandt
Guadalupe County Attorney
105-A North Austin
Seguin, Texas    78155

Mr. John T. Montford
Criminal District Attorney
Lubbock County Courthouse
Lubbock, Texas    79401

Mr. Maurice S. Pipkin
Executive Director
State Commission on Judicial
    Conduct
211 Reagan Building
P. O. Box 12265
Austin, Texas    78711

Opinion No. MW-428

Re: Interpretation of article
6701d, section 143A: Questions
relating to "defensive driving
course" as alternative to
court proceedings

Dear Ms. Jandt and Messrs. Montford and Pipkin:

You have requested our opinion on the questions listed below relating to procedures used by municipal and justice court judges in this state in implementing the provisions of the Texas statute which permits a person charged with a misdemeanor offense related to the operation of a motor vehicle to take a "defensive driving course" or "driving safety course" in lieu of prosecution and further court proceedings arising from the offense.

The statute in question, section 143A of article 6701d, V.T.C.S., reads as follows:

## DISMISSAL OF CERTAIN MISDEMEANOR CHARGES UPON COMPLETING DRIVING SAFETY COURSE.

Sec. 143A.    (a)    When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 50 or 51, committed while operating a motor vehicle, the court:

(1)  in its discretion may defer proceedings and allow the person 90 days to present evidence

that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or other driving safety course approved by the court; or

(2) shall defer proceedings and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the court, if:

(A) the person presents to the court an oral request or written motion to take a course;

(B) the person has a valid Texas driver's license or permit; and

(C) the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately preceding the date of the alleged offense.

(b) When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge.

When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose, but the court shall report the fact that a person has successfully completed a driving safety course and the date of completion to the Texas Department of Public Safety for inclusion in the person's driving record. The court shall note in its report whether the course was taken under the procedure provided by Subdivision (2) of Subsection (a) of this section for the purpose of providing information necessary to determine eligibility to take a subsequent course under that subdivision.

The questions presented by you relating to the interpretation and implementation of this statute are as follows:

1. Is a court (municipal or justice court) required to give a 90-day deferral for a defendant to take a defensive driver's course, as provided in section 143A(a)(2), at any time that a motion is made by the defendant to take such a course (assuming that the defendant is eligible)?

2. At what point, if any, in a misdemeanor traffic offense proceeding could the judge refuse a motion to allow the defendant to take a defensive driver's course and have his citation dismissed under article 6701d, section 143A(a)(2)?

3. May a judge require a defendant to enter a plea of guilty or nolo contendere before the judge will allow the defendant to take a defensive driver's course under either subsection 1 or 2?

4. May a judge require the defendant to present a copy of the Texas Department of Public Safety's approval of the defensive driver's course before the judge will allow the individual to register for a particular course?

5. May the judge require a defendant to provide to the court a notarized sworn statement attesting to the fact that the defendant has not completed a defensive driving course within the past two years for the purpose of having a citation dismissed?

6. What steps may a judge take after the ninety-day period, which the defendant was given to complete a defensive driving course, if the defendant did not then supply the court with written evidence that he in fact did complete the course?

7. Is it unethical for a judge to advise a party who requests information on the state's defensive driving law as to the steps necessary to comply with section 143A?

8. May a judge require the defendant to personally appear in his court to satisfy any of the requirements set out in this act? Specifically, after a defendant has taken the defensive driver's course, may a judge demand the

presentation of the course completion certificate
in person or may it be mailed to the court within
the required time limit?

This office has in an earlier opinion determined that the statute
in question, section 143A of article 6701d, V.T.C.S., is
constitutional and that it does not impermissibly infringe on the
discretion of a judge before whom a misdemeanor traffic offense has
been brought. See Attorney General Opinion MW-185 (1980). In that
opinion, we stated:

> [I]t is well established that the legislature
> may give judges responsibilities which do not
> require the exercise of judicial discretion. See
> Jarnagin v. Garrett, 69 S.W.2d 511 (Tex. Civ. App.
> - Texarkana 1934, writ ref'd); Koll v. State, 157
> S.W.2d 377 (Tex. Crim. App. - 1941). A judge may
> be assigned ministerial duties, which are duties
> prescribed and defined with such precision as to
> leave nothing to the exercise of discretion or
> judgment. Jarnagin v. Garrett, supra. Once the
> defendant complies with the three conditions under
> section 143A(a)(2), we believe the court has a
> ministerial duty to dismiss the charge.

With regard to your first question, deferral of a court's
proceedings under section 143A(a)(2) is mandatory, and the 90-day
period should run from the date the defendant's written or oral motion
is granted. Section 143A(a)(2) is specific on this point.

Your second question addresses the time limits, if any, within
which a defendant can elect to take the defensive driver's course.

The statute was intended by the legislature to provide an
alternative to the prosecution and trial of misdemeanor traffic
offenses. The caption of the enacting act stated: "[a]n Act relating
to a driving safety course as an alternative to prosecution for
certain traffic offenses...." Acts 1979, 66th Leg., ch. 610 at 1359.
It is clear from the statute that once a person is "charged" with the
offense, the court may or shall (depending on the circumstances)
"defer proceedings" to allow a defendant to complete the course and
thereby halt further court proceedings. We believe, however, that the
logical construction of the statute is that once the defendant or his
counsel has announced that he is ready for trial, and once the trial
(before the court or before a jury) has commenced, the option under
section 143A to take the driving course is no longer available to the
defendant, and the court may properly refuse a motion by the defendant
to take the defensive driver's course. By going to trial, the

defendant has chosen to forego the defensive driving course as an alternative means to dispose of the charge brought against him.

In answer to your third question, it would be improper for a judge to require a defendant to enter a plea of guilty or nolo contendere before the defendant is allowed to take the defensive driver's course. In enacting section 143A, the legislature clearly established the completion of a defensive driver's course as an alternative to court prosecution for minor traffic offenses. The explicit language of the statute is that the court "shall defer proceedings" (section 143A(a)(2)). It would be a violation of a defendant's constitutional rights, as well as privileges granted by the legislature under this statute, for a judge to require a defendant to enter any plea in exchange for exercising the option prescribed in section 143A(a)(2). The statute clearly makes the defendant's exercise of the section 143A(a)(2) option an alternative to further court proceedings and eliminates the necessity of entering any plea as a precondition. Further, the court can never force any plea to be entered by a defendant; if no plea is entered, the court must enter a not guilty plea. Tex. Code Crim. Proc. art. 27.16(a).

In answer to your fourth question, we have earlier concluded that the Texas Department of Public Safety, hereinafter referred to as the DPS, has authority to license all driver training schools, including those that provide the defensive driver's course authorized by section 143A. See Attorney General Opinion MW-16 (1979). This question asks whether a defendant exercising his option has a burden of proving beforehand that the defensive driver's course to be taken under section 143A has been "approved" by the DPS.

The statute transfers no such burden to the defendant. In Attorney General Opinion MW-185 (1980) we interpreted the following words in section 143A(b): "...and the evidence presented is accepted by the court." We stated there:

> You suggest that this provision refers to common law rules of evidence and means that the judge must admit the evidence presented by a defendant unless there is an objection to it. However, section 143A(b) uses the term 'accepted' rather than 'admitted.' Moreover, since section 143A(a)(2) spells out the kind of evidence which defendant must present, the judge need not rule on relevancy. He need only determine whether the evidence conforms to the requirements of section 143A(a)(2). We believe the language you inquire

has successfully completed an approved defensive
driving course and accept it if in fact it
complies with the statutory requirements.

Thus, following our prior reasoning, we conclude that section
143A does not place any affirmative burden of proof on the defendant
to present to the court proof of completion of the course in a
specific form, such as written proof from the DPS of its approval of
the course taken. Defensive driving schools customarily provide a
certificate of completion to persons who have successfully completed
the course. A judge should evaluate the evidence of a completed
course presented by defendants on a case-by-case basis. The statute
does not provide for a judge's prior approval of the course to be
taken.

In answer to your fifth question, we similarly find no language
in section 143A which would permit a judge to specifically require
submission of a notarized sworn statement attesting to the fact that
the defendant has not completed a driving safety course within the
prior two-year period as a precondition to dismissal of charges.
Subsections (A), (B) and (C) of section 143A(a)(2) recite the three
forms of "written evidence" which the defendant must present to prove
compliance with the statute. The judge must evaluate on a
case-by-case basis the evidence presented by the defendant that he has
complied with subsections (A), (B) and (C) of the statute.

As to question six, the judge may take a number of customary
actions if the defendant fails to complete the course within the
90-day period and fails to present such proof to the court. These
include setting the matter for trial, acceptance and filing of failure
to appear charges, issuing an arrest warrant, or other actions
permitted by law, as if the defendant had never elected to take the
defensive driver's course under section 143A.

As to question seven, it would not be a violation of judicial
ethics for a judge to advise a defendant of his option to take the
driving safety course. The right to take the course has been granted
by the legislature to defendants in misdemeanor traffic cases, and it
would not be unethical for a judge to advise a defendant of the
specific steps necessary to comply with the statute.

With regard to question eight, we find no language in section
143A which would permit a judge to require that a defendant be
physically present in his court personally to present the "written
evidence" of compliance with subsections (A), (B) and (C). Under
current statutes and practice, a defendant can dispose of a
misdemeanor traffic citation without ever personally appearing in
court. A defendant can enter a plea by mail or through his attorney,

see, Texas Code of Criminal Procedure, articles 27.14 and 27.16; the court can set an appearance bond as well as an appeal bond without the defendant's presence, article 27.14(b); and the defendant can file a notice of appeal for trial de novo without personally appearing in court, article 44.13 et. seq. See also Attorney General Opinion H-1203 (1978) (discussing articles 33.03 and 33.04, Tex. Code Crim. Proc., the latter of which permits certain trials in misdemeanor cases in the absence of a defendant).

These statutes demonstrate a policy by the legislature to permit the disposal of minor misdemeanor traffic offense cases in the absence of the defendant, who is permitted by these statutes to appear personally or by counsel and to conduct some or all of the case by mail, without the inconvenience of being forced to drive hundreds of miles across the state to be present during various states of his proceeding.

Similarly, we conclude that section 143A does not compel nor authorize a judge to require the presence of the defendant to "prove up" his compliance with the three requirements listed in section 143A(a)(2). "Written evidence" is sufficient under the statute when the defensive driving completion certificate is presented by the defendant by mail.

## SUMMARY

1. A judge must permit a defendant to take the defensive driver's course in every case where a motion to take the course is properly made and where the defendant is eligible for the course.

2. The defendant may exercise his right to elect to take the defensive driver's course at any time prior to commencement of his trial on the charges brought. If he has not done so, the right to take the driving course as an alternative to court proceedings is no longer available to him.

3. A judge may not require a defendant to enter any plea as a precondition to permitting the defendant to elect to take the defensive driver's course under section 143A(a)(2).

4. A judge may not require a defendant who elects to take the defensive driver's course to prove to the court beforehand that the course he intends to take has been approved by the Department of Public Safety.

5.   A judge has no specific authority under section 143A to require submission of a notarized sworn statement by the defendant attesting that he has not completed another defensive driver's course within the prior two-year period.

6.   Where a defendant fails to complete the defensive driver's course and fails to comply with the provisions of section 143A after being granted permission of court, the court may proceed with prosecution of the charges as if the defendant had never elected to or been permitted to take the course.

7.   A judge may advise a defendant of the specific actions necessary to fulfill the requirements of section 143A(a)(2).

8.   Section 143A does not permit a judge to require that a defendant personally appear in court to present "written evidence" of completion of the defensive driver's course.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Richard W. Meyer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Richard W. Meyer