

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 24, 1984

Honorable David Cain
Chairman
Committee on Transportation
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-215

Re:   Bond requirements for
motor vehicle dealers under
article 6686, V.T.C.S.

Dear Representative Cain:

You have asked this office for its opinion on matters relating to the bond requirement for motor vehicle dealers under article 6686, V.T.C.S. Specifically, you ask first whether article 6686 or any other law implicitly requires that a particular kind of bond be filed pursuant to article 6686. Second, you ask whether the Texas Department of Highways and Public Transportation has the authority to limit the type of bond filed under the act.

Article 6686, section (a), describes the procedures to be followed by applicants for an original dealer's and manufacturer's general distinguishing number or master dealer's license plate. Subsection (a)(7), in particular, was significantly amended by the Sixty-eighth Legislature in 1983. See Acts 1983, 68th Leg., ch. 941, at 5174. The amendments, which marked a number of changes from prior law, were analyzed by this office in an earlier opinion. See Attorney General Opinion JM-136 (1984). Nonetheless, several questions concerning article 6686(a)(7) remain, the most significant of which are the subject of your inquiry.

The present controversy arises from the newly enacted bond requirement of article 6686(a)(7). As a condition to the issuance of a license under the act, subsection (a)(7) now requires each applicant to

> procure and file with the Department [of Highways and Public Transportation] a good and sufficient bond in the amount of Twenty-five Thousand Dollars ($25,000). (Emphasis added).

The bond is conditioned on (1) the applicant's satisfactory payment of all valid bank drafts drawn for the purchase of motor vehicles in dealer-to-dealer transactions and (2) the applicant's transfer of good

title to each motor vehicle he or she sells. V.T.C.S. art. 6686(a)(7). The act does not specify the type of bond to be submitted by applicants, but merely that it be "good and sufficient." Thus, you ask in connection with your first question whether the bond required under the act "may be either a cash bond, surety bond, or bank letter of credit that indemnifies in the same manner as a surety bond."

In answer to your first question, it is our opinion that neither article 6686(a)(7) nor any other law acts to limit the type of bond filed under the act. Our conclusion rests, in part, on the fact that no particular meaning or limitation is inherent in the words "good and sufficient bond."

Rule 364 of the Texas Rules of Civil Procedure, for example, requires persons seeking to suspend the execution of an adverse judgment to file a "good and sufficient bond" approved by the court clerk, prior to prosecuting an appeal or writ of error. The supreme court, interpreting the predecessor to Rule 364, held that if one of the sureties on the bond was financially able to pay the amount of the bond in the event of default, and if the district clerk was willing to accept the bond, then this made the bond "good and sufficient" for the purposes of the rule. Ex parte Wrather, 161 S.W.2d 774, 775 (Tex. 1942). On the other hand, a bond which provides no security other than the solvency of the principal obligor is not a "good and sufficient bond" within the meaning of the rule. Elliot v. Lester, 126 S.W.2d 756, 759 (Tex. Civ. App. - Dallas 1939, no writ).

Article 4201, V.T.C.S. (repealed, see Probate Code §346), formerly authorized the sale of estate property. It required the guardian of the estate to post a "good and sufficient bond" prior to the sale. In a case construing this requirement, one court of civil appeals concluded that these words "relate to [the bond's] terms and conditions and the solvency and sufficiency of its sureties." Jarnagin v. Garrett, 69 S.W.2d 511, 514 (Tex. Civ. App. - Texarkana 1934, writ ref'd). The court indicated that the duty of the officer accepting the bond was not merely to require the bond; rather, the officer was to "formulate . . . an order requiring a bond of a particular character," one which satisfied the requirements of the law under which it was filed. Id. Such bonds should be liberally construed in order to effectuate the purposes the bond is intended to serve. Scroggs v. Morgan, 107 S.W.2d 911 (Tex. Civ. App. - Beaumont 1937), rev'd on other grounds 130 S.W.2d 283 (Tex. 1939). But see Settegast v. Harris County, 159 S.W.2d 543, 547 (Tex. Civ. App. - Galveston 1942, writ ref'd) (bonds are strictly construed). Accordingly, we believe that the discretion, if any, of the Department of Highways and Public Transportation in accepting or refusing the bond required by article 6686(a)(7) must be determined by reference to the language of the act and the purpose it is intended to accomplish.

As we noted in Attorney General Opinion JM-136 (1984), the bond required by article 6686(a)(7) is intended to provide security to consumers and auto dealers doing business with persons licensed under the act. In this respect, the purpose of subsection (a)(7) is similar to that of laws in other states which require bonds from applicants for motor vehicle dealer licenses. See, e.g., Fla. Stat. Ann. §320.27(10) (West 1984); Iowa Code Ann. §322.4(7) (West 1984); Md. Transp. Code Ann. §§15-103, 15-308 (1984-85); Mich. Comp. Laws Ann. §257.248(7) (West 1984); N.C. Gen. Stat. §20-288(e) (1983); Okla. Stat. tit. 47, §583(E) (1981). In this state, bonds of this kind are common prerequisites to the issuance of operating permits or licenses for other occupations. See, e.g., V.T.C.S. arts. 911b, §13 (motor carriers); 4413(29bb), §40 (private investigators and private security agencies); 5221f, §13 (mobile home dealers and manufacturers); 8501-1, §8(b) (boxing and wrestling promoters); 8700, §5 (auctioneers). Our research indicates that under the majority of these statutes, only surety bonds sponsored by corporations licensed to conduct business in the state are acceptable. We are also informed that following this lead, the Department of Highways and Public Transportation has engaged in a similar practice under article 6686(a)(7).

The language of article 6686(a)(7) does not, in our opinion, support the limitation imposed by the Department of Highways and Public Transportation. Whereas the act stipulates only that bonds submitted thereunder be "good and sufficient," those previously cited statutes for which only corporate surety bonds are accepted expressly impose this requirement or provide for alternative forms of security. See, e.g., V.T.C.S. arts. 911b, §13; 4413(29bb), §40; 5221f, §13; 8501-1, §8(b); 8700, §5. See also, Iowa Code Ann. §322.4 (West 1984); Md. Transp. Code Ann. §15-308 (1984); N.C. Gen. Stat. §20-288(e) (1983). Furthermore, the rule urging the liberal construction of statutory bonds, Scroggs v. Morgan, supra, compels the rejection of any rule or policy stricter than the statutory scheme, particularly if it does not serve the public interest. Although a corporate surety bond arguably may provide the best form of security for consumers and dealers, it does not necessarily follow that the other forms of security described in your request cannot equally accomplish the goals of article 6686(a)(7). Moreover, because neither the courts nor the legislature has seen fit to impart a particular meaning or limitation on the words "good and sufficient bond," this office is without authority to approve such action by an administrative body. Accordingly, we answer both your first and second questions in the negative.

Finally, we caution that our conclusions should not be read to require the Department of Highways and Public Transportation to abandon its discretion over the approval of bonds filed under the act. It is clear that the legislature intended to impose on the department the duty to determine the sufficiency of bonds submitted by applicants

for dealer's licenses and tags. This necessarily entails the exercise of some discretion by the department in determining whether a particular bond in fact provides the security intended. Given the number of applications the department must process every year, it is understandable that the department would adopt a practice which not only indemnifies adequately but is also the most administratively convenient. Cf. Bullock v. Hewlett-Packard Co., 628 S.W.2d 754 (Tex. 1982). However, until article 6686(a)(7) expressly authorizes such a practice, the department may not place limits on the type of bond acceptable under the act.

## S U M M A R Y

Neither article 6686 nor other law implicitly requires the bond filed pursuant to subsection (a)(7) to be of a particular kind. The Texas Department of Highways and Public Transportation may not, therefore, limit the type of bond filed under the act.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton